D. H. DEXTER, Plaintiff in Error,

*vs.*

JAMES COLE, Defendant in Error.

ERROR TO THE MILWAUKEE COUNTY COURT.

Any unlawful interference with, or acts of ownership over, property, to the exclusion of the owner, is sufficient to sustain an action of trespass.

To maintain trespass *de bonis asportatis*, it is not necessary to show actual forcible dispossession of property.

The intent does not necessarily enter into trespass; it is sufficient if the act be committed without any justifiable cause, even though accidentally and by mistake.

Where there is some evidence to support the verdict, the judgment will not be disturbed on account of insufficiency of the proof merely.

The plaintiff declared in trespass, charging the defendant with taking and driving away twenty-two sheep, the property of the plaintiff, to his damage one hundred dollars. Plea, general issue. The cause was tried before a justice of the peace, to a jury; when it appeared from the evidence that the defendant, who is a butcher at Milwaukee, was driving some sheep he had purchased, toward the city, upon the highway, when they became mixed with a small lot of twenty two sheep of plaintiff, which were running at large upon the highway. The defendant drove the whole flock into a yard near the road, for the purpose of parting them, and did throw out a number which he did not claim, and pursued his way with the remainder to his slaughter house at Milwaukee, where they were slaughtered in his business. The evidence tended to show, and the jury found it did show, by the verdict rendered, that some four of plaintiff's sheep remained in the flock, and were driven to Milwaukee, and slaughtered by defendant. The verdict and judgment before the justice were for the plaintiff.

The cause was removed to the county court of Milwaukee county by writ of *certiorari*, when the defendant alleged the following errors in the justice's judgment, to wit:

I. That from all the testimony in the case, it does not appear that the defendant ought to be charged as a trespasser.

II. That there is no testimony that the defendant ever took and converted the sheep to his own use.

III. That from the testimony it appears that the action should have been trover, and not trespass, there being no proof of the unlawful taking.

IV. The testimony is uncertain and insufficient to found a verdict upon in any form of action.

V. The verdict is against the evidence.

Upon hearing, on *certiorari*, the county court reversed the judgment of the justice, and rendered a judgment against the plaintiff before the justice for costs; to reverse which judgment of the county court, this writ of error is brought.

*James H. Paine & Son*, for plaintiff in error.

Trespass was the right form of action in this case.

Any unlawful interference with the property of another, is sufficient to subject the party to an action of trespass or trover. 1 Ch. Pl., 168, 170 ; *Morgan vs. Varick*, 8 Wend., 594 ; *Wintringham vs. La Foy*, 7 Cow., 735 ; 1 Wis., 352 ; Rev. Stat. § 43 Ch. 88 ; 12 Wend., 39, 40.

And though there be no wrong intent. 1 Ch. Pl., 163, 171.

There was evidence before the jury in this case to sustain their verdict. Enough is returned to do so, though not all is returned, which appears from the return itself.

Where some evidence has been offered to a justice of the peace, the court will not reverse his judgment merely because it was too light, or insufficient to support a judgment. *Fisher vs. Chandler*, 1st John, 505 ; 15th Barb., 286 ; Nightingale's Petition, 11 Pick., 168 ; 10 Wen., 178 ; *Bogart vs. Morse*, 1 Comstock, 377 ; *Gaines vs. Betts*, 2 Doug. Mich., 98.

*Butler, Buttrick and Cottrill*, for defendant in error.

This action is *trespass*, and the plaintiff in order to a recovery must have proved affirmatively : 1st. That the property was in his possession at the time of the injury; and 2nd; That the injury was committed by the defendant with force.

These two general principles govern in all actions brought in this form, and in the absence of proof establishing both these facts, the plaintiff cannot recover. 2 Gr. on Ev.; sec. 613; *et seq.* ; 1 Ch. Pl., 166 ; *Vincent vs. Stinebour* ; 7 Vt. 72.

Conceding even that the proof in the case clearly shows that the right of possession of the property claimed was in the plaintiff, and that some of his sheep had in fact been slaughtered by the defendant, it is difficult to perceive upon what ground, in view of the other proofs in the case, this action of *trespass* can be sustained. In *Vincent vs. Steinbour*, above cited, which was an action of trespass, the court say that " the principle of law, " which is laid down by all writers upon this subject, and " which is gathered from, and confirmed by the whole series of " reported cases, is that no one can be made responsible in an " action of trespass, for consequences, when he could not have " prevented those consequences by prudence and care." *Parker vs. Walrod* ; 13 Wend., 296.


*By the Court*, COLE, J. We have no doubt but the action of trespass would lie in this case. In driving off the sheep, the defendant in error without doubt unlawfully interfered with the property of Dexter; and it has been frequently decided, that to maintain trespass *de bonis asportatis*, it was not necessary to prove actual forcible dispossession of property ; but that evidence of any unlawful interference with, or exercise of acts of ownership over, property, to the exclusion of the owner would sustain the action. (*Gibbs vs. Chase*, 10 Mass. 128 ; *Miller vs. Baker*, 1 Met., 27 ; *Phillips and Brown vs. Hall*, et al., 8 Wend., 610 ; *Morgan vs. Varick*, Id., 587 ; *Wintring-house vs. La Foy*, 7 Cowen, 735 ; *Reynolds vs. Shuler*, 5 Id., 325 ; 1 Chitty Pl., 11th Amer. Ed., 170, and cases cited

in the notes.)    Neither is it necessary  to  prove that the act was done with a wrongful  intent ; it being  sufficient if it was without a  justifiable  cause or purpose, though  it  were  done accidentally,  or  by  mistake.     2 Green.  Ev., section  622 ; *Grulle vs. Snow*, 19 J. R., 381.    There is nothing inconsistent with these authorities in the  case of  *Parker vs.  Walrod*, 13 Wend, 296, cited upon the brief of the counsel for  the defendant in error.

Upon the other point in  the  case, we think there was some evidence to support the verdict of the  jury, and  therefore the judgment of  the justice should  not  be  reversed because  the proof was insufficient.    It was the province of the jury to weigh the evidence and determine what facts  were established by it, and  the county  court  ought  not to  reverse  the judgment, because the proof was not sufficient in its opinion to justify the finding of the jury.

The judgment of the county court is  therefore reversed and the judgment of  the justice affirmed.