## CONNORS vs. TAYLOR.

In an action before a justice of the peace the defendant gave notice of a set-off for "notes given by the plaintiff and conveyed to him before the commencement of the suit." *Held*, that under this answer, there having been no demurrer to it, nor any request that the notes should be exhibited or more fully described, the defendant might give in evidence a note given to him by the plaintiff and due before the commencement of the action.

If the answer was not sufficiently explicit to enable the plaintiff to understand it, he should have demurred to it, or have asked the justice to require the defendant to exhibit his demands or state their nature, so far as was in his power. Sec. 45, chap. 120, R. S., 1858. The failure of the plaintiff to take either of these steps was a waiver of the objection.

ERROR to the Circuit Court for *Rock* County.

Action commenced before a justice of the peace upon an account. Answer, that the defendant denies every allegation in the complaint, and will give in evidence a set-off for moneys had and received, &c., " and also for notes given by said plaintiff and conveyed to the defendant before the commencement of the suit; and claims judgment for a balance of $100." Judgment for the plaintiff, which was affirmed in the circuit court on appeal. The case is stated in the opinion of this court.

*A. D. Wickham* and *J. H. Knowlton*, for plaintiff in error.
*Williams & Achilles, contra.*

*By the Court,* DIXON, C. J. This was an action to recover the price of work, labor and services, commenced by the defendant in error against the plaintiff in error, before a justice of the peace of the county of Rock. The summons was personally served, and on the return day the parties appeared and joined issue. The plaintiff below made a brief statement of his cause of action, and accompanied the same with a bill of the particulars of his demand. The defendant denied each and every allegation of the complaint, and gave notice of a set-off, consisting of moneys had and received, goods and wares furnished, labor and services performed, and notes executed and delivered by the defendant to him before the commencement of the suit, and claimed judgment for $100 as a balance in his favor. The cause was then adjourned for one week. On the trial, after the plaintiff had closed his evidence and rested his case, the defendant offered in evidence a note for $14 45 purporting to have been executed to him by the plaintiff, and dated Sept. 27th, 1858. The defendant at the same time offered to prove that the note was executed and delivered by the plaintiff. Both offers were objected to by the plaintiff, and his objections

sustained, and the evidence excluded by the justice. Judgment was rendered for the plaintiff for $14 33, the sum claimed in his bill of particulars, from which the defendant appealed to the circuit court. The appeal was there heard on the original papers, and the judgment of the justice affirmed. From that judgment the present writ of error was sued out. Some other questions were raised, which we need not notice.

It is difficult for us to perceive upon what ground the defendant's offer of the note was rejected. From some observations contained in the finding of the circuit judge, we infer that it was because the answer was considered insufficient to admit it. If this were the ground, and we can think of no other, it is clearly untenable. Subdivision 4, of section 45, of chapter 120 of the Revised Statutes, which prescribes the rules of pleading in justices' courts, provides that the answer may contain a denial of the complaint or any part thereof, and also a notice, in a plain and direct manner, of any facts constituting a defense. The 6th subdivision declares that either party may demur to a pleading of his adversary, or any part thereof, when it is not sufficiently explicit to enable him to understand it, or contains no cause of action or defense although it be taken to be true. If therefore the answer was not sufficiently explicit to enable the plaintiff to understand it,—if it was too vague and indefinite, and did not point out the notes which the defendant relied upon as an off-set, so that he could know what they were, his remedy was to demur; and by failing to do so, he waived all objections on that account. He could not lie by until the day of trial, and then object to the evidence, or resist an amendment if it became necessary.

There is still another provision of the statute, of which the plaintiff's neglect to avail himself at the proper time furnishes a much stronger answer to his objection. The 12th section provides that the court may, at the joining of issue, require either party, at the request of the other, at that or some other specified time, to exhibit his account or demand, or state the nature thereof so far forth as may be in his power, and in case of his default, preclude him from giving evidence of such parts thereof as shall not have been so exhibi-

ted or stated.    Here was a most ample and complete reme- dy, and the failure of one party to take advantage of it must be construed as an admission that he was already suffici- ently advised of the demands of the other, and he cannot afterwards be permitted to object on that account.

Judgment reversed.