## POMEROY vs. THE MILWAUKEE & CHICAGO RAILROAD CO.

A complaint in an action of trespass against a railroad company, which alleges that the company, on, &c., entered on lands of which the plaintiff was possessed and seized in fee (describing them), and constructed its road over the same, and ever since used the portions over which the track was constructed by running trains of cars over it, to the damage of the plaintiff, sets forth a good cause of action in trespass.

In an action against a railroad company for entering on real estate and building its track and running cars across it, the plaintiff need not aver that the entry was made without his consent, and if the company entered under a license from him, that is a matter of defense.

The common council of a city cannot give a railroad company the right to take and use a street of the city for the track of its road, without making compensation to the adjoining lot owners.

APPEAL from the Circuit Court for *Kenosha* County.

Action of trespass. The complaint alleged that the plaintiff on the 12th of July, 1854, was the owner in fee of eighteen and a half acres of land in Kenosha county, (particularly describing the same,) and that the eastern boundary thereof was one hundred and sixty-eight rods in length, and on and along West Main street and a public highway four rods in width ; said West Main street passing along eighty-four rods of the length of said boundary, and the highway along the remaining eighty-four rods thereof, and that a strip of the plaintiff's land two rods in width on the east side thereof was used

and occupied by the public with the consent of the plaintiff as and for a public highway; that afterwards in the month of September, 1854, the defendant *The Milwaukee & Chicago Railroad Company*, then known as the "Green Bay, Milwaukee & Chicago Railroad Company," a corporation created under and by virtue of chapt. 272, laws 1851, and the acts amendatory thereto, then keeping an office in the city of Kenosha, in said county, entered upon said West Main street, and upon the land of said plaintiff and took possession of the same, and did then and there lay down and affix in and upon said street or highway and upon the land of said plaintiff as above, the ties and rails for a railroad, and have from thence hitherto, up to the time of the commencement of this action and still do use and occupy said street or highway, and the land of said plaintiff, for railroad purposes, and for the running of the cars of said railroad in and upon the same, and that the defendant has ever since the laying of said railroad upon said street or highway, and upon the land of plaintiff and does now, exclusively use and occupy said street and land of plaintiff for the private purposes of said defendant, in running in and upon the same passenger trains of cars and freight trains, to the number of six trains north and south each day, and have thereby had and enjoyed the exclusive use of said street and land of plaintiff, to the private use, interest and behoof of defendant for the purposes aforesaid; that the said defendant has since the location of said railroad upon the street and lands of the plaintiff as above, built across said street or highway, running east and west, three several fences and cattle guards, so called, which said fences and cattle guards, are located as follows, to-wit:. One built or located near the northeast corner of plaintiff's land, as above described, and the other two fences and cattle guards are built and located further south, and near the southeast corner of the land above described, and all three of said fences and guards, are built across said street from east to west, and wholly obstruct and prevent the use of said street or

highway, except for the uses and purposes of the said defendant for railroad purposes; that by reason of the use of said street or highway, and the land of plaintiff by the building and laying of the railroad and in building the fences across said highway, and the building the said cattle guards, and the use of said highway in running the trains of cars by said defendant, the said plaintiff is wholly deprived of the use of said highway or street, and is thereby wholly deprived of all ingress and egress to and from her said land from the east, and has thereby been deprived of the benefits arising from said street; that said real estate as above described, had been surveyed and laid out into lots and small parcels of land, for the purpose of selling and using the same for residences and home. steads, in or near said city of Kenosha, and that the chief value of said lots for the purposes aforesaid, consisted in the same being accessible over said West Main street by the owners of said lots, and that by reason of the use of said street by defendant, the value of said lots has been materially diminished and that she has been damaged by reason of such occupation of the premises in the sum of $10,000.

The defendant alleged in its answer that it was authorized to lay said track and do the acts complained of, by an ordinance passed by the common council of the city of Kenosha on the first day of August 1853, in and by which the council of said city gave the defendant permission, as far as they had power to grant it, to locate its road through the city of Kenosha upon some one of the public streets thereof, and construct the usual track of a railroad and use the same for that purpose, and that the defendant complied with all the conditions of said ordinance, and in pursuance thereof, constructed its railroad track thereon and since then used the same and run its cars thereon; and the defendant denied all other material allegations of the complaint except that of the corporate existence of the defendant. At the trial the plaintiff proved her title to the land in question, and was proceeding to prove the

damages she had sustained in consequence of the defend-ants acts, when the defendant objected to any evidence being given on that subject, for the reason that damages could only be awarded to the plaintiff in the form and manner provided by its charter, and the acts amending the same. The court sustained the objection and the plaintiff excepted to the ruling and rested. The defendant then moved that the plaintiff be non-suited, for the reason that the complaint did not state facts sufficient to constitute a cause of action, which motion the court granted and judgment was entered against the plaintiff for costs, and from which she appealed.

*J. J. Pettit*, for appellant.

*O. S. & F. Head* and *Cary & Pratt*, for respondent. 1. The complaint is not sufficient and does not state a cause of action in trespass. There is no allegation that the defendant enter-ed "with force and arms," or anything equivalent thereto, nor is it alleged that the entry was contrary to the wishes of the plaintiff, or that it was made unlawfully. *Smith vs. Stewart*, 6 Johns., 46 ; *Bancroft vs. Wardwell*, 13 Johns., 489. 2. Tres-pass cannot be maintained by the plaintiff for an obstruction to the street ; *Kimball vs. City of Kenosha*, 4 Wis., 321. 3. The charter of the defendant is a public act and its work a public work ; Laws 1851, chapt. 272. Provision is made by § 8 of the charter for ascertaining the compensation to be paid for lands taken, by arbitration. 4. When a work of a public character is authorized by an act of legislature, and a mode of obtaining compensation for private property to be taken for its construction is specially prescribed, such compensation must be sought in the way pointed out by the act and not other-wise. *Kimble vs. Whitewater, V Canal*, 1 Ind., 285 ; *Null vs. Whitewater, V Canal*, 4 id., 481 ; *Calkins vs. Baldwin*, 4 Wend., 667 ; *Stamell vs. Flagg*, 11 Mass., 364 ; *New Albany & Salem R. R. vs. Connelly*, 7 Ind., 32 ; *Newcomb vs. Smith*, 1 Chand., 71 ; *Stevens vs. Marshall*, 3 id., 222 ; *Rogers vs. Brodhead*, 20 Johns., 735.

I am informed by the clerk, that the opinion drawn up by me in the above cause has been lost, either having been abstracted from the files of the court, or having been carried away by some one before it was filed.   He desires me to make a statement of the points decided in the case, so that the record can be transmitted to the circuit court for trial.   In compliance with that request, I state that the court held that the complaint set forth a good cause of action for a trespass to real estate; that the common council could not give the railroad company the right to lay their track in the highway without the company made compensation therefor to the adjoining lot owners, and that if any license was given by the appellant to the company to lay its track in the highway along her lots, it was matter of defense, &c.

O. COLE, Associate Justice Sup. Ct.