MILLARD and another, Respondents, vs. THE McDONALD LUMBER COMPANY, Appellant.

*November 10 — December 1, 1885.*

LOGS AND LUMBER. *(1) Conversion: Pleading: Damages: Evidence of title. (2) License to cut timber: Burden of proof.*

1. In an action for the conversion of lumber, brought against an innocent purchaser of the logs from which the lumber was made and which were wrongfully cut by his vendor from the plaintiffs' land, evidence of the plaintiffs' title to the land and of such cutting is admissible although the complaint contains only a general averment of plaintiffs' ownership of the lumber alleged to have been converted. [But the defendant being liable in such an action only for the value of the logs at the time of the cutting, it would seem to be better pleading to set out the description of the land and by whom and when the logs were cut therefrom; and it might be proper, on motion, to direct a complaint to be made more definite and certain in those respects.]

2. From the fact that a person cutting timber did so by the orders and under the authority of a person not the owner of the land, it will not be presumed. that the latter had any license from the owner authorizing such cutting. *Lewis v. Disher,* 32 Wis. 504, distinguished.

APPEAL from the Circuit Court for *Marathon* County. The complaint alleges that the plaintiffs were the owners and entitled to the immediate possession of 290,000 feet of sawed pine lumber, of the value of $4,060; and that the defendant on November 1, 1882, being then in possession of said lumber wrongfully converted the same to his own use, to the plaintiffs' damage $4,060. The answer was a general denial. The facts sufficiently appear from the opinion. There was a verdict for the plaintiffs assessing their damages at $1,052.70, being the stumpage value of the timber from which the lumber was manufactured, at the time the same was cut from the plaintiffs' land, with interest thereon from the time of such cutting. From the judgment entered upon such verdict the defendant appealed.

For the appellant there was a brief by *Silverthorn, Hurley & Ryan,* and oral argument by *Mr. Hurley.* To the point that the defendant being liable, if at all, only for the value of the timber upon the land at the time of cutting, it had a right to be informed by the complaint of the facts constituting the cause of action against it for that amount, they cited Van Santvoord on Pleading (2d ed.), 277, ch. 4, sec. 2; *Williams v. Brunson,* 41 Wis. 418; *Riley v. Riley,* 34 id. 372; *Warren v. Bean,* 6 id. 120; *Eilert v. Oshkosh,* 14 id. 586; *Paine v. Trumbull,* 33 id. 164.

For the respondents there was a brief by *Grace & Alban,* and oral argument by *Mr. Grace.*

ORTON, J. The complaint of the respondents, as plaintiffs, is in the common form of trover and conversion of 290,000 feet of the plaintiffs' pine lumber of the value of $4,060, and the answer is a general denial. On the trial, when the plaintiffs' counsel offered in evidence their chain of title deeds to the lands from which the logs from which said lumber was made was wrongfully cut by one John C. Clark, who sold said logs to the defendant, the learned counsel of the defendant objected to such evidence because such facts were not stated in the complaint. The first exception taken was to the overruling of said objection.

The purpose of this evidence was to prove the plaintiffs' title to the lumber, and its value at the time the logs were cut, according to the rule of damages in such cases, in accordance with sec. 4269, R. S. It was not claimed but that the defendant was the innocent purchaser of said logs, and therefore such was the rule of damages. In *Smith v. Briggs, ante,* p. 497, it is held that, in respect to logs, timber, and lumber wrongfully cut on the land of the plaintiff, the action under said section is merely for the value thereof, and not for damages as in trespass *quare clausum,* and is merely an action of trover, and that the only object of alleging the

wrongful cutting of the logs, timber, or lumber on the land of the plaintiffs is to show title to the same, and the time at which the value thereof should be ascertained. In such an action, of course, such facts are mere matters of evidence and not of pleading. *Tyson v. McGuineas*, 25 Wis. 657; *Swift v. James*, 50 Wis. 540; *Johnson v. Ashland Lumber Co.* 45 Wis. 119. If the learned counsel of the defendant had understood otherwise, they would have unquestionably demurred to the complaint, or have objected to any evidence under it, on the ground that it did not state a cause of action. The only objection made seems to have been rested on their surprise in not having been informed by the complaint of these facts which were then sought to be proved. The only relief in such a case is to have the complaint made more definite and certain in these respects on motion, under sec. 2683, R. S., and not by demurrer or objection to evidence. *Redmon v. Phœnix Fire Ins. Co.* 51 Wis. 298. Not having so moved, all objection to the complaint in these respects was waived. *Connors v. Taylor*, 13 Wis. 230. There was no objection to *all* evidence under the complaint, but only to this particular evidence. Had a motion been made for the plaintiffs to make their complaint more definite and certain in these particulars, we are disposed to think that it might have been very properly granted; for in such an action, where the plaintiffs only claimed as damages the value of the lumber when the logs were cut from their land, it would seem better pleading to set out the description of the land from which the lumber was cut, and by whom and when it was so cut, in order to apprise the defendant of what was intended to be proved in these respects.

The only other question discussed in the brief of the learned counsel of the appellant is raised in respect to the charge of the court and instructions asked, and that is whether, inasmuch as the person who did the cutting of the logs did so by the order and under the authority of Clark,

it shall not be presumed that Clark had license or authority
to do so.   Where there are no  other facts except the entry
upon the lands of another and doing damage thereon, there
is no presumption about it, but it is a trespass and wrongful.
*Dexter v. Cole*, 6  Wis.  319;  2  Greenl. Ev. § 622;  *Guille v.
Swan*, 19 Johns. 381.   Where one enters upon the land of
another with such an  apparent authority as to shift the
burden of proving it without  license or authority upon the
owner, then it may be that he would be  required to  prove
such negative, but there must be  at  least  *prima facie*  evi-
dence of such authority or  license.   The case of *Lewis v.
Disher*, 32 Wis. 504, cited by the learned counsel of  the ap-
pellant as holding  otherwise, was where  it appeared that
certain persons had  raised a  crop of  wheat upon certain
premises which had been sold and deeded for taxes, and the
question was whether it had been occupied within the three
years by the original owner; and it was held that they
must be presumed to have so  occupied under the original
owner and by his authority rather than that they were
trespassers; and there was some  evidence also of such au-
thority, but not very strong, such as  the testimony of the
owner's son that he thought that his father gave them the
right to go on the premises, and other  circumstances to aid
such a presumption.   The presumption in that case was in
favor of the right of the  owner; not hostile to it, as it
would be in this case.   But in such  cases as this, license
from the owner must be pleaded and  proved in  defense of
the trespass.   In  *Pomeroy v. M. & C. R. Co.* 16 Wis. 640,
the same objection was made  that it was  not alleged
"that the entry was contrary to the wishes of the plaintiff, or
that it was made unlawfully," and it was held that this was
presumed, " and that if any license was given by the [plaint-
iff] it was matter of defense."   *Lockhart v. Geir*, 54 Wis.
134.   And such is the elementary doctrine, without any con-
flict of decision.   1 Greenl. Ev. 79;  Add. Torts, 376.

The charge of the court appears to have been full and correct, and the verdict of the jury seems to have been warranted by the evidence, and we find no error in the record. *By the Court.*— The judgment of the circuit court is affirmed.