Herman vs. The City of Oconto.

———————

HERMAN, Respondent, vs. THE CITY OF OCONTO, Appellant.

*August 30 — September 20, 1898.*

*Municipal corporations: Adoption of general charter provisions: Notice: Mandatory statute: Contracts: Option to pay in city orders, etc.: Party in interest: Fraud: Pleading.*

1. Sec. 72, ch. 312, Laws of 1893, provides that any city organized under a special charter may by ordinance adopt any part of the general charter act, but before action shall be taken on such ordinance "it

Herman vs. The City of Oconto.

shall be published at least once in each week for three successive weeks in the official city paper, . . . together with a notice of the time said ordinance will be considered." *Held,* that in respect to such notice the statute is mandatory, and a failure to comply therewith renders nugatory the passage of such an ordinance.

2. Where by the terms of a contract for municipal improvements the amount due thereon is payable in money, with an option on the part of the city to pay in city orders, assessment certificates, or improvement bonds, if the city fails to exercise or declare such option a money recovery may be had.

3. In an action against a city on a contract for public improvements, it is no defense that, at the time of making the contract, the contractor was not the real party in interest but had secured the contract for the benefit of a third person.

4. In such an action an answer alleging, on information and belief, that the contract was secured by means of fraud, bribery, and corruption in paying to certain members of the board of public works, by whom it was let and executed on behalf of the city, whose names were to the defendant unknown, large sums of money intended to corrupt and influence, and which did corruptly influence and control, the action of such members, and thereby influenced and controlled the action of the board in letting and executing the contract, is *held* sufficient, upon a demurrer *ore tenus* and in the absence of any motion to make it more definite and certain, to authorize the admission of evidence as to the alleged fraud, etc.

5. The mere fact that the contract, in such a case, was let to the highest bidder, or that it was not binding until approved by the common council, would not obviate the objection to the contract, based on such fraud and bribery.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

For the appellant there was a brief by *P. H. Lynch,* city attorney, and *Wigman & Martin,* of counsel, a supplemental brief by *Wigman & Martin,* and the cause was argued orally by *P. H. Martin.* They argued, among other things, that the requirements of sec. 72, ch. 312, Laws of 1893, are merely directory and cannot affect the validity of the ordinance. *Stevenson v. Bay City,* 26 Mich. 44; *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4; *Comm. v. Davis,* 140 Mass. 485; *Elmendorf v. New York,* 25 Wend. 693. The right was con-

ferred on the city to adopt it; the essential element was the
adoption of the ordinance, and not the giving of the notice.
*Striker v. Kelly,* 7 Hill, 9. Having the right and power,
though it was irregularly exercised, the city had power to
ratify the adoption. *Koch v. Milwaukee,* 89 Wis. 220; *Mills
v. Gleason,* 11 id. 470.

For the respondent there was a brief by *Hoyt & Olwell,*
and oral argument by *F. M. Hoyt.* They contended, *inter
alia,* that the allegations in the answer are too vague and
indefinite to state a defense. In order to set up a defense
of fraud avoiding a contract, facts must be alleged not only
of the kind of fraud used, but showing specifically the cir-
cumstances and particulars of the fraud, and how it affected
the contract and the defendant's interest. *Riley v. Riley,*
34 Wis. 372; *Kewaunee Co. v. Decker,* 30 id. 634; *Landauer
v. Vietor,* 69 id. 434, 439; Kerr, Fraud & M. (Bump's ed.),
365; *Bell v. Lamprey,* 52 N. H. 41–46, and cases cited; *Cum-
ins v. Lawrence Co.* 1 S. Dak. 158; Bliss, Code Pl. § 211; 8
Am. & Eng. Ency. of Law, 653; *Phillips v. Schooley,* 27 N.
J. Eq. 410; *Cosgrove v. Fish,* 90 Cal. 75; *Mills v. Collins,* 67
Iowa, 164; *Salsbury v. Falk,* 28 Ill. App. 297; *Jones v. Albee,*
70 Ill. 34; *Knapp v. Brooklyn,* 97 N. Y. 520. An allegation
of fraud upon information and belief cannot be sustained
unless the facts upon which the belief is founded are stated
in the pleading, so that the court may see whether the con-
clusion is supported by the facts. 9 Ency. of Pl. & Pr. 694;
*Memphis & C. R. Co. v. Neighbors,* 51 Miss. 412, 422; *Seid-
man v. Geib,* 16 Daly, 434; *Kay v. Whittaker,* 44 N. Y. 565,
570, 571. This objection goes to the sufficiency of the facts
stated to constitute a defense, and not simply to the ques-
tion of indefiniteness. *Riley v. Riley,* 34 Wis. 372; *Kewau-
nee Co. v. Decker,* 30 id. 634. The admitted facts show that
in no way was any corruption possible. The charter im-
posed upon the council the mere duty of ascertaining which
one of the bids received was the lowest, and awarding the

contract accordingly. It is undisputed that the bid of the plaintiff's assignor was the lowest; that his bid was reasonable; that he was responsible; and that in compliance with the positive direction of the charter the contract was awarded to him. *State ex rel. Manitowoc v. County Clerk*, 59 Wis. 15; *Castleman v. Griffin*, 13 id. 538; *Winslow v. Crowell*, 32 id. 656; *McDonald v. Daniels*, 58 id. 426–429; *American B. & L. Asso. v. Bear*, 48 Neb. 455; Tiedeman, Sales, § 162, and cases cited.

CASSODAY, C. J. This is an action to recover $17,323.01 for the construction of a sewer for the defendant as per written contract. The contract was made and entered into October 22, 1894, between the defendant and one William Turner, to the effect that Turner thereby agreed to furnish and provide, at his own proper cost and expense, all the necessary materials and labor in conformity with the annexed specifications and plans, and construct the sewers and appurtenances therein mentioned, and complete the work to the satisfaction of the board of public works and the engineer in charge and in accordance with such specifications and plans, on or before February 25, 1895; that for each and every day such work should remain incomplete after the time so specified Turner should forfeit $25 as liquidated damages. And the defendant therein agreed to pay to Turner, on the 10th day of the month succeeding that in which the work should be done, seventy-five per cent. of the monthly estimate of the whole amount accruing to Turner during such month, provided that nothing therein contained should be construed to affect any of the rights therein reserved by the board of public works. It was therein further agreed by Turner that he would accept, at the option of the defendant, in payment for any or all amounts due under the agreement, and at their par or face value, city orders, special assessment certificates against the proper lots, or improve-

ment bonds, as provided in the city charter as adopted from ch. 312, Laws of 1893; that such contract was not to be binding until approved by the mayor and common council and countersigned by the comptroller. Such contract was so approved and countersigned. Prior to making such contract the plaintiff, *Herman*, became obligated and bound to the defendant as surety for the faithful performance of such contract by Turner. On October 27, 1894, Turner duly sold, assigned, transferred, and set over to the plaintiff all sums of money which might then be due or thereafter become due to Turner for doing the work of the construction of the sewers and furnishing the materials therefor, and all rights he might have against the city under the contract, and the city was, on or about January 31, 1895, duly notified of such assignment.

A tripartite agreement was made July 24, 1895, by and between the defendant city, Turner, and the plaintiff, reciting the contract of October 22, 1894, and the work done thereunder, and the making of the assignment from Turner to the plaintiff, and it was therein agreed by and between the three parties thereto that said contract was then — July 24, 1895 — wholly performed by Turner according to the terms and conditions thereof by him to be kept and performed, except as to the time within which the work thereunder was to be completed; that there was due to Turner, and to the plaintiff as his assignee, under and pursuant to the terms of the contract, the sum of $18,099.66, less $776.65, which last sum had been adjusted and agreed upon between the parties as the amount of damages sustained by the city by reason of the failure of Turner to complete the work within the time limited in the contract and the extension thereof theretofore granted by the city, leaving to be paid to Turner, and to the plaintiff as his assignee, in the way and manner provided in the contract, the sum of $17,323.01, which sum was thereby acknowledged to be due under the contract, and

payable only at the times and in the manner therein provided, subject to the stay of proceedings in the action of *State ex rel. Davis v. Oconto.*

On July 7, 1896, the plaintiff presented such claim to the common council. The council disallowed the same, and the plaintiff then appealed from the decision of the council to the circuit court. After the return on the appeal the circuit court required the plaintiff to file and serve his complaint, and the defendant to serve and file an answer thereto. Upon the complaint being served and filed, the defendant demurred thereto for the reasons that the court had no jurisdiction of the action or the defendant, and that the complaint did not state facts sufficient to constitute a cause of action. The court thereupon overruled the demurrer, and the defendant then answered the complaint, to the effect that the defendant admitted the allegations of fact set forth in the complaint, and alleged upon information and belief, in effect, that Turner was not, at the time of making the contract, the real party in interest to the contract, but, instead, was permitting the use of his name and interested in securing the contract for the benefit of one Paul Foley; that Paul Foley and Turner worked and co-operated to secure the contract to be let to and entered into with Turner for the benefit of Foley; that the contract so entered into with Turner was let and secured to Turner by means of fraud, bribery, and corruption in paying to certain members of the alleged board of public works, by and through whom the contract was let and executed in behalf of the defendant, whose names were to the defendant unknown, large sums of money intended to corrupt and influence the action and conduct of the members in the letting and execution of the contract, which sums of money, to an amount unknown to the defendant, so paid by Foley and Turner to certain of the members of the board of public works, did corruptly influence and control the conduct and action of the mem-

bers in letting and executing the contract, and thereby influenced and controlled the conduct of the board in letting and executing the contract, all of which facts were to the defendant and its officers (other than those implicated) unknown prior to and at the time of the alleged acceptance by the city of the work done under the contract, and were so unknown at all times prior to July 7, 1896, when the plaintiff's claim was filed against the defendant.

Subsequently the cause came on for trial before the court and a jury, and, the court having held that, the plaintiff's alleged cause of action being admitted in the answer, the burden of proving fraud was on the defendant, and the defendant having called as a witness William Turner, the person with whom the contract was made, and after he had been duly sworn as such witness, the plaintiff objected to any evidence under the answer, because it did not state facts sufficient to constitute a defense in whole or in part, and such objection having been sustained by the court, the court thereupon directed a verdict in favor of the plaintiff for the amount prayed in the complaint, which was rendered accordingly, and from the judgment entered thereon the defendant brings this appeal.

1. It is conceded that by the original charter the common council were authorized to order sewers and reservoirs to be built and repaired, and that the expense thereof should be paid by the city out of the regular fund. Laws of 1882, ch. 56, subch. VIII, sec. 4. As alleged in the complaint, an attempt was made by the common council, a short time prior to the making of the contract with Turner, to adopt by ordinance subch. XX, ch. 326, Laws of 1889, as amended by ch. 312, Laws of 1893, in lieu of all provisions of ch. 56, Laws of 1882, and the several amendments thereto, which in any wise conflicted with the provisions of such subch. XX; but such attempt was nugatory, because of the failure to comply with sec. 72, ch. 312, Laws of 1893, which declares, in effect,

that "no such ordinance shall be introduced, except at a regular meeting of the common council, and no action shall be taken thereon before the next regular meeting of the common council, and before action shall be taken thereon it shall be published at least once in each week for three successive weeks in the official city paper, . . . *together with a notice of the time said ordinance will be considered.*" It is contended that the common council complied with all of such requirements, except the last clause, printed in italics, and that that clause is directory and not mandatory. But the whole section is mandatory, and the common council had no more power to dispense with the last clause than any other portion of the section. Such notice was required so that the public might appear and make their objections to the change. It was jurisdictional. *Gilman v. Milwaukee,* 61 Wis. 588; *Drummond v. Eau Claire,* 79 Wis. 102. We must hold, under the statutes, that the ordinance was void.

The sewers appear to have been constructed substantially according to the contract, and to the satisfaction of the defendant, and the amount of liquidated damages stipulated for in the contract was agreed upon. By the terms of the contract the amount due was payable in money, with an option on the part of the defendant to pay in city orders, special assessment certificates against the proper lots, or in improvement bonds. But it does not appear that the defendant ever exercised or declared such option. We must hold that the complaint states a good cause of action.

2. Whether Turner in fact made the contract for the benefit of one Foley, as alleged in the answer, is wholly immaterial. *Waterman v. C., M. & St. P. R. Co.* 61 Wis. 464; *Salter v. Krueger,* 65 Wis. 217; *Platt v. Iron Exch. Bank,* 83 Wis. 360. The defendant contracted with Turner, and it cannot reasonably object to responding to Turner or his assignee.

3. With considerable hesitation we are constrained to hold that it was error for the court to exclude all evidence of the

fraud, bribery, and corruption alleged in the answer. Such allegations are extremely general. The defendant disclaims any knowledge as to the particular city official who accepted the corruption money paid, but it is alleged that Foley and Turner paid the money to certain members of the board of public works. Had a motion been made to require the defendant to make its answer more definite and certain, it probably would have been required to do so. Undoubtedly, fraud should be specifically pleaded. *Riley v. Riley*, 34 Wis. 372; *Landauer v. Vietor*, 69 Wis. 439. But it does not appear that any such motion was made. The plaintiff went to trial with the answer as it stands. In *Redmon v. Phœnix F. Ins. Co.* 51 Wis. 292, it was held that an answer to a complaint on an insurance policy, to the effect that at the time the policy was issued there was, as the defendant was informed and believed, an incumbrance on the premises largely in excess of the $5,000 mentioned in the application, and to the amount of $16,000 or thereabouts, which the plaintiffs well knew, was sufficient to allow the defendant to prove the existence of a mechanic's lien for that amount,— the same being an incumbrance,— and that it was error to reject evidence of such lien under such answer. Such ruling has been repeatedly sanctioned in subsequent cases. *Haseltine v. Simpson*, 58 Wis. 586; *Millard v. McDonald L. Co.* 64 Wis. 628; *Young v. Lynch*, 66 Wis. 519. The mere fact that the contract was let to the lowest bidder does not obviate the objection. Nor does the fact that the contract as made by the board of public works was not binding until approved by the common council. The action of the board of public works was essential to the making of the contract. As the issue of fraud, bribery, and corruption has not been tried or considered by the trial court, we refrain from discussing the law applicable. The following cases and adjudications therein referred to will, however, be found to have more or less bearing on the subject: *Chippewa Valley & S. R. Co. v.*

*C., St. P., M. & O. R. Co.* 75 Wis. 224; *Gilmore v. Roberts,* 79 Wis. 450; *Houlton v. Nichol,* 93 Wis. 393. We must hold that the answer was sufficient to authorize the admission of evidence of fraud, bribery, and corruption, as alleged.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.