Bouchard and wife, Respondents, vs. Zetley and others, Appellants.

*May 10—October 9, 1928.*

638

For the appellants there was a brief by *William L. Tibbs, Ralph J. Goeb,* and *Brooke Tibbs,* all of Milwaukee, and oral argument by *Brooke Tibbs.*

*Charles L. Millmann* of Milwaukee, for the respondents. The following opinion was filed June 18, 1928:

CROWNHART, J. The appellants contend: (1) Equity will not restrain breach of a municipal ordinance unless the act violating the ordinance amounts to a nuisance; (2) the set-back provision of the zoning ordinance of the city of Milwaukee, as amended March 2, 1925, under which this action was brought, is unconstitutional and invalid; (3) the set-back provision of the zoning ordinance as applied to the side front of corner lots under which this action is brought was repealed by the amendment of September 13, 1926; (4) the rear-yard provision of the zoning ordinance violates the tenement house law, ch. 176, Stats. 1925; (5) the equities of the situation do not justify the destruction of the property belonging to defendants.

■ The appellants present an able and exhaustive argument in support of their first proposition, but it fails when applied to the zoning laws. That is decided in *Holzbauer v. Ritter,* 184 Wis. 35, 39, 198 N. W. 852, where this court said of the same zoning ordinances as here under consideration:

"On the facts alleged in this complaint it is plain that if the defendants Loughlin and Ritter are allowed to proceed in the erection of the store building it might cause special damage to the plaintiffs. Under such circumstances a plaintiff's cause of action does not depend on any right to enforce an ordinance of the city, but on his right to prevent irreparable injury to his property when the injury threatened is special and different from that of the general public.

"Similar questions have frequently arisen in other states, and it has generally been held that property rights may be protected by injunction when, in violation of ordinances,

those rights are threatened to be invaded, and that it is not necessary in such cases to show that the act violating the ordinance is a nuisance *per se.*"

This case was followed by *Hayes v. Hoffman,* 192 Wis. 63, 211 N. W. 271, without discussion as to the contention here, but a mandatory injunction was sustained.

That injunction will issue to protect against special damages to property rights where the remedy at law is inadequate is an elementary rule of equity.

■ The contention that the set-back provision of the zoning ordinance, as amended March 2, 1925, is unconstitutional and invalid, on the grounds that it violates the "due process" and equal protection clauses of the federal constitution, is not tenable. *Gorieb v. Fox,* 274 U. S. 603, 608, 47 Sup. Ct. 770. In that case the identical question was raised, as here, and decided adversely to appellants' contention. The court there said:

"State legislatures and city councils, who deal with the situation from a practical standpoint, are better qualified than the courts to determine the necessity, character, and degree of regulation which these new and perplexing conditions require; and their conclusions should not be disturbed by the courts unless clearly arbitrary and unreasonable."

Appellants further complain that the ordinance so amended is unreasonable and without logical basis. It is almost identical in principle with the ordinance sustained in *Gorieb v. Fox, supra.* If the amendment is invalid, the original ordinance would be in force which was before this court in *Hayes v. Hoffman, supra.* The amendment was intended to grant a measure of relief from the rigors of that ordinance. The appellants should not complain. But we do not think the amendment is unreasonable, illogical, or arbitrary. There is a difference of opinion of the courts on these questions. However, this court early took an advance position in sustaining zoning ordinances in principle (*State*

*ex rel. Carter v. Harper,* 182 Wis. 148, 196 N. W. 451),
and we are not disposed to be hypercritical in construing
such ordinances in practical operation. Much must be left
to the discretion of the legislative body, which is best suited
to consider local needs and exigencies.

■ The amendment of September 13, 1926, reduced the
set-back on the side street to ten per cent. of the width of the
lot, which in this case would be 4.3 feet. However, by the
terms of the amendment it does not apply to rights already
acquired under the former ordinance. The trial court, in its
judgment, required the set-back to be only 4.3 feet, on the
theory that, if the defendants' building was completely
wrecked it could then rebuild under the provisions of the
last amended ordinance. The trial court considered that it
would be inequitable to compel destruction of the building
under such circumstances in view of the fact that the plaint-
iffs could receive no practical benefit from such a decree.
From this part of the judgment the respondents ask a re-
view.

Under the circumstances we think the court, sitting in
equity, exercised a wise discretion. True, this court held in
*Hayes v. Hoffman, supra,* that the ordinance as it then stood
required a set-back on the side street of a corner lot equal
to the distance of the building in the same block nearest to
the street. The amendment to the ordinance of Septem-
ber 13, 1926, by its terms, does not apply to any person who
has commenced an action to enforce his rights prior to the
amendment, and the amendment was passed after the com-
mencement of this action in the lower court. However,
equity will not require unreasonable hardship upon a defend-
ant, which will result in no benefit to a plaintiff, merely to
enforce a bare legal right. The respondents make no con-
tention that such amendment is unconstitutional, and appel-
lants cannot complain, for the amendment as applied by the
court is beneficial to them.

■ The appellants claim the rear-yard provisions of the zoning ordinance are invalid as in contravention of the tenement house law, secs. 176.01, 176.02, and 176.10, Stats. 1925, repealed by ch. 468, Laws of 1927. The tenement house law was enacted chiefly for the benefit of the occupants of such buildings. The zoning law in no way impinges on such rights. On the contrary, its benefits extend to tenants as the public generally.

There is a suggestion by appellants that respondents could have been compensated by a small money judgment instead of putting the defendants to great loss, and that in equity this should have been done. The public is interested in the enforcement of the zoning ordinances, as well as the owners of property specially affected. Such public rights should not be compromised by private parties.

The appellants claim that they are innocent parties because they were given a building permit by the building inspector. But it appears that appellants were promptly notified of their proposed violation of the ordinance, and to desist from such violation. Nevertheless, they deliberately chose to proceed with their building in defiance of such notice.

We conclude that the trial court properly disposed of the case.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on October 9, 1928.