CITY OF MILWAUKEE, Respondent, vs. REILLY and others, Appellants.

*October 8—November 5, 1957.*

*George D. Prentice, Schroeder, Sheets & Schroeder,* and *M. J. Levin,* all of Milwaukee, for the appellants.

*Walter J. Mattison,* city attorney, and *Harry G. Slater,* deputy city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, for the respondent.

*Eugene A. Kershek* of Milwaukee, and *C. Stanley Perry,* corporation counsel of Milwaukee county, for certain other parties.

PER CURIAM. The city moved that the appeal be dismissed upon the ground that there is no statutory provision for such an appeal. Other motions were filed by the city

and by the appellants. Our determination of the motion to dismiss the appeal makes it unnecessary to decide any of the other motions.

In *Lamasco Realty Co. v. Milwaukee*, 242 Wis. 357, 381, 8 N. W. (2d) 372, 8 N. W. (2d) 865, this court was considering the Kline Law and in the decision therein made the following statement:

"While ch. 275 uses the term 'action' in sec. 7, and provides that a complaint shall be served to which an answer may be made, the verdict of the jury is taken in a special proceeding and not in an action. *Milwaukee L., H. & T. Co. v. Ela Co.* (1910) 142 Wis. 424, 125 N. W. 903. See *In re Henry S. Cooper, Inc.* (1942) 240 Wis. 377, 2 (2d) N. W. 866, where the distinction is fully discussed."

In speaking therein of the verdict of the jury the court was referring to the verdict of necessity. Upon the authority of the *Lamasco Case* and *Madison v. Tiedeman*, 1 Wis. (2d) 136, 83 N. W. (2d) 694, the trial court held that the proceeding then before it was a special proceeding and that an answer only and not a demurrer may be interposed in the proceeding, and that a demurrer is not a proper pleading therein. That is the contention of the city upon its motion to dismiss.

The appellants contend that there are many differences between the Kline Law and ch. 32, Stats., dealing with the condemnation of real property under the powers of eminent domain. They point out several differences or variances. Under ch. 32, the proceeding to determine the necessity of taking real estate for municipal purposes is commenced by the filing of a verified petition with the county or circuit judge (sec. 32.04, Stats.). Sec. 7 (1) of the Kline Law reads as follows:

"Pursuant to the resolution of the common council directing the city attorney to proceed with the condemnation of the necessary property the city attorney shall start an

action in circuit court under the code of civil procedure against all persons having an interest in any of said property for the purpose of establishing the necessity of taking said property by the verdict of a jury as required by the constitution of this state by the service of the usual summons under section 262.03 of the statutes except that in place of the words in said summons 'judgment will be rendered' the words 'a verdict of necessity will be rendered' shall be substituted."

It is contended that the starting of an action in circuit court under the code of civil procedure permits the filing of a demurrer to the complaint. That contention is contrary to the quotation from the *Lamasco Case*, cited above. The reason therefor is obvious. The determination of the necessity for taking by the verdict of a jury is but one step in the entire proceeding. The issue therein is limited in scope and is confined to the trial of an issue of fact. The Kline Law, as well as ch. 32, Stats., is in derogation of the common law and is to be strictly construed. That is true of the pleadings in proceedings under both the Kline Law and ch. 32. There is no provision in either law that permits the filing of a demurrer.

The appellants also point out that sec. 32.11, Stats., provides that any person aggrieved by the award of the commissioners may appeal to the circuit court of the county in which the lands are situated and that upon such appeal, by virtue of the provisions of said statutes and decisions of this court construing it, a trial *de novo* is had on all issues which can be properly framed on the entire record as it then stands. Sec. 11 of the Kline Law provides for an appeal to the circuit court from the award of damages by the board of assessments but the only issues to be litigated therein are those affecting the amount of damages. The appellants infer, therefore, that unless they can demur to the complaint in the proceeding to determine the necessity for taking their property they have no remedy that permits

an attack upon the validity of the taking. That contention was also answered in the *Lamasco Case, supra,* at pages 385 and 396, where the court held:

"The trial court held, and we think correctly, that the proper remedy where the entire proceeding is void because of want of power and also where the irregularity or illegality vitiates the entire assessment is by attack in a direct proceeding for that purpose; that sec. 11 of the act, relating to the exclusiveness of the remedy of appeal, refers only to illegality and irregularities affecting the amount of damages or benefits which may be corrected by the verdict on appeal."

"There can be no doubt that if the council were proceeding either without authority of law or in a manner which rendered their proceedings void the matter could have been presented to a court of competent jurisdiction at a proper time notwithstanding the provisions of sec. 11, ch. 275, already quoted."

The decisions of this court establish that where statutes provide only for a limited appeal those statutes do not preclude resort to actions in equity for injunction or other appropriate relief wherein the validity of the proceedings or the statute under which the proceedings are had may be attacked. In *State ex rel. Vaughn v. Ashland,* 71 Wis. 502, 37 N. W. 809, it was held that, where a board of public works and common council of a city attempted to charge upon private property the cost of building a bridge without authority of law, proceedings may be reviewed on certiorari although the city charter provided only for a limited appeal.

The appellants further contend that sec. 66.43, Stats., known as the Blighted Area Law, is controlling and that the provisions of sec. 66.43, as well as the Kline Law, must be complied with. The Blighted Area Law provides that cities may acquire property by eminent domain for slum elimination and blighted-area redevelopment. The Kline Law provides a procedure for the condemnation of property by the city of Milwaukee for public purposes, including those

covered by the Blighted Area Law. Any questions concerning the validity of the Blighted Area Law or the procedure adopted by the city can be determined in a direct proceeding for that purpose, as stated above.

We shall not attempt to prescribe the form of the direct action but we are satisfied that the law provides an adequate remedy for the appellants other than by the filing of demurrers to the complaint at this point in the proceeding. The trial court was correct in its determination that the demurrers were not proper pleadings in this matter. Since the demurrers were not proper there can be no appeal from an order dismissing the same. Accordingly the motion of the city must be granted.

Appeal dismissed.