STATE EX REL. RYAN and wife, Petitioners and Appellants, v. PIETRZYKOWSKI, Clerk of the Town of Kronenwetter, and others, Defendants and Respondents: ANDERSON and others, Intervening Defendants and Respondents.

*No. 204. Argued March 31, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 242.)

458

For the appellants there was a brief and oral argument by *Larry W. Rader* of Wausau.

For the defendants-respondents there was a brief and oral argument by *Arthur C. Kordus* of Schofield.

For the intervening defendants-respondents there was a brief by *Crooks, Crooks & Low* of Wausau, and oral argument by *Patrick L. Crooks.*

HALLOWS, C. J.   We agree with the trial court that the scope of the mandamus action could not properly encompass the license of August 15th because that license was not in existence at the time of the petitioners' application for the writ.

In *State ex rel. Racine County v. Schmidt* (1959), 7 Wis. 2d 528, 534, 97 N. W. 2d 493, this court approved the rule stated in *State ex rel. Board of Education v. Hunter* (1901), 111 Wis. 582, 588, 87 N. W. 485: ". . .

mandamus will not lie to compel performance of an act by a public officer unless the act be one that is actually due from the officer at the time of the application."

The petitioners argue, however, that when mandamus is no longer applicable this court can grant any relief which the record will support. The trial court considered the granting of injunctional relief would be inequitable in this action. The cases relied on by the petitioners to support this argument are either distinguishable or exceptions to the scope of mandamus by considering the action to be a different form of action. Continuous-legal-duty cases, such as *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* (1911), 144 Wis. 386, 129 N. W. 623, 140 Am. St. Rep. 1025, which was the first case to expressly recognize mandamus as a proper remedy to enforce a continuous legal duty, are inapplicable. No continuous legal duty necessary to ground mandamus relief is present in this case. Mandamus cases which were treated as actions for declaratory relief were explained in *State ex rel. Racine County v. Schmidt, supra,* at page 536:

"Even where mandamus was determined not to be a proper remedy, however, this court has, in order to avoid unnecessary delay in the determination of public questions, treated an action in mandamus as if it were an action for declaratory relief. Thus a final decision has been reached with a minimum of uncertainty. *State ex rel. Young v. Maresch* (1937), 225 Wis. 225, 273 N. W. 225 (clear duty could not be ascertained without resolving issues of fact); *Silgen v. Fond du Lac* (1937), 225 Wis. 335, 274 N. W. 256 (mandamus to disburse city funds held improper in absence of allegation that funds were in the treasury but the legal effect of certain salary reductions was declared)."

In this type of case all the facts exist at the time of the commencement of the action whether it is a mandamus action or treated as an action for declaratory relief. The principle of these cases is not applicable. For such relief, a suit in equity would be appropriate and could reach

facts occurring after the filing of the petition and is expressly authorized in secs. 62.23 (7) (f) 2 and 62.23 (8), Stats. *See also Jelinski v. Eggers* (1967), 34 Wis. 2d 85, 148 N. W. 2d 750; *Bouchard v. Zetley* (1928), 196 Wis. 635, 220 N. W. 209; *Holzbauer v. Ritter* (1924), 184 Wis. 35, 198 N. W. 852. The trial court was not required to consider this case an injunction suit or to enlarge the issues and consider subsequent events in order to give relief since no great public question was involved.

Mandamus is an extraordinary, drastic remedy to be used only where the duty of the public officer is clear and no other plain, adequate, and complete remedy exists. *See Walter Laev, Inc. v. Karns* (1968), 40 Wis. 2d 114, 118, 119, 161 N. W. 2d 227. In *Underwood v. Karns* (1963), 21 Wis. 2d 175, 179, 124 N. W. 2d 116, we stated: ". . . when such other remedy exists, courts uniformly refuse to entertain petitions for writs of mandamus," and in *Burke v. Madison* (1962), 17 Wis. 2d 623, 631, 117 N. W. 2d 580, 118 N. W. 2d 898, this court stated: "Mandamus may not be maintained if some other plain, adequate, and complete remedy exists." One should choose the proper remedy and while the court in exceptional cases may treat a mandamus case as a different action, a court ought not be held in error for refusing to overlook forms of actions and the limitations of the scope of writs.

We agree with the trial court that the ordinance of April 9th is invalid. The town board thought it was adopting an ordinance by adopting the "Model zoning ordinance of the Town of Weston," but its action was insufficient to adopt the ordinance of the town of Weston by reference. A town may adopt provisions of a statute or prior ordinance by reference and sometimes establish grades of streets by reference to maps and books on file in a public office. *Milwaukee v. Krupnik* (1930), 201 Wis. 1, 229 N. W. 43. But the model ordinance referred to in this resolution was not published and does not constitute an ordinance such as may be the basis of adoption

by reference. It is merely a model and not a prior ordinance. Besides it did not purport to be an interim zoning ordinance but rather was a regular zoning ordinance which can only be adopted in compliance with the notice and hearing requirements of sec. 62.23 (7) (d), Stats., which was not done. An ordinance passed in noncompliance with the empowering statute is invalid. *Whitefish Bay v. Wisconsin Employment Relations Board* (1967), 34 Wis. 2d 432, 149 N. W. 2d 662.

We agree that the existing uses were frozen as of July 11th by the passing of the interim zoning ordinance on July 2d. However, this is not to say that illegal uses on July 11th were validated. While there may not have been on that date a valid zoning ordinance prohibiting the use of the 10 acres as a mobile home trailer court, any such use of the land required the issuance of a permit or a license which could only be validly granted under other statutory authority upon the compliance with certain requirements. Consequently, as indicated by the trial judge, the legality of the operation of the mobile home court is still open to attack. The instant case does not foreclose the petitioners from contesting or having determined the validity of the ordinance of July 2d or of the license granted under date of August 15th or the legality of the prior licenses.

We think the trial court was correct in denying costs to both parties. Costs in the mandamus section are controlled by sec. 293.04, Stats., which provides the plaintiff may have costs if he shall recover judgment. This is a procedural statute. *State ex rel. Wunderlich v. Kalkofen* (1907), 134 Wis. 74, 113 N. W. 1091. Since judgment was not for the petitioners, they were properly denied costs.

*By the Court.*—Order affirmed.