EDELBECK and others, Appellants, v. TOWN OF THERESA, Respondent.*

*No. 297. Argued January 2, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 694.)

* Motion for rehearing denied, without costs, on March 27, 1973.

174

176

For the appellants there was a brief and oral argument by *William H. Bowman* of Milwaukee.

For the respondent there was a brief by *Allan & Storck* of Mayville and oral argument by *Robert E. Storck.*

WILKIE, J. Three issues are presented on this appeal:

1. Did the town of Theresa enact a valid ordinance on July 6, 1970?

2. Is the town of Theresa estopped from denying a permit to plaintiffs?

3. Is mobile home park zoning legislation such as the disputed ordinance here constitutionally defective?

4. Are damages barred to plaintiffs?

*Invalidity of ordinance of July 6, 1970.*

Appellants argue, in support of their claim for injunctive relief, that pertinent provisions of sec. 66.058, Stats. 1967, failed to provide them with an adequate remedy at law. This failure, it is asserted, arises from the town's failure to give them notice of the town board hearing pursuant to sec. 66.058 (3) (d) 1, and its failure to notify appellants of the revocation of their license pursuant to sec. 66.058 (2) (d). Appellants argue that because of these failures appellants were unable to appeal from the town board action within the statutory period of twenty days as specified by sec. 66.058 (2) (d).

We find no merit in these arguments. First, because the appeal procedure under sec. 66.058 (3) (d), Stats. 1967, does not on its face refer to the adoption by a town board of mobile home park regulatory legislation as was done here. The appeal procedure referred to by the appellants applies only to the action of the town board in determining the amount of "the per mobile home parking permit fee to be levied against a mobile home park." Although the July 6, 1970, ordinance did increase such parking fee, this action is not complained of by appellants. The second reason for rejecting appellants' arguments is that both subdivisions 1 and 2 of sec. 66.058 (3) (d), Stats. 1967, were repealed by ch. 495 of the Wisconsin Session Laws of 1969. This session law became effective on April 30, 1970, two months before the town board adopted the ordinance of July 6th.

As to appellants' argument that the town board failed to comply with sec. 66.058 (2) (d), Stats. 1967, when it failed to notify appellants of the revocation of their license, the trial court was entirely correct in concluding that appellants could not avail themselves of the appeal procedure because they had failed to obtain, at any time, a valid mobile home park permit. The statute unequivocally mandates state and local approval of mobile home park plans prior to the issuance of a license. It is undisputed here that such approval of park plans was not received prior to the issuance of the license. The town clerk's issuance of a license was an ultra vires act and did not result in the issuance of a valid mobile home park permit which was thereafter revoked or suspended.[1]

While appellants are not entitled to pursue the specific statutory appeals procedure outlined in sec.

[1] *State ex rel. Ryan v. Pietrzykowski* (1969), 42 Wis. 2d 457, 463, 167 N. W. 2d 242.

66.058 (2) (d), Stats. 1967, they are permitted to| challenge, with equitable actions, proceedings under statutes which provide only a limited appeal procedure.[2] In this respect it is necessary to examine the general provisions relating to ordinance adoption by town boards.[3] The zoning power of towns is regulated by sec. 60.74 and provides:

"(2) If such town has a town park commission organized as provided by law, such commission shall recommend boundaries of such districts and appropriate regulations and restrictions to be imposed therein. If the town has no town park commission, the town board may appoint a town zoning committee of 5 members to perform the duties of the town park commission under this section. The town park commission or zoning committee shall first formulate a tentative report and shall hold public hearings thereon before submitting a final report to the town board. After such final report is submitted, and the ordinance pursuant thereto adopted, the town board may alter, supplement or change the boundaries or regulations contained in such ordinance as herein set forth, but a class 2 notice, under ch. 985, of any such proposed changes shall first be published in the town prior to the hearing. A hearing shall be granted to any person interested, at a time and place to be specified in the notice."

It is clear from the record here that sec. 60.74 (2), Stats., was not complied with by the town of Theresa prior to the adoption of the July 6, 1970, ordinance. In testimony upon adverse examination, the town clerk, Ralph Bodden, acknowledged that no notice of the pendency of the ordinance was published or posted prior to the meeting in which it was adopted. He further testified that the July ordinance was not prepared by the town attorney until one week prior to the town meeting.

[2] *Milwaukee v. Reilly* (1957), 2 Wis. 2d 33, 37, 85 N. W. 2d 837.
[3] *David A. Ulrich, Inc. v. Saukville* (1959), 7 Wis. 2d 173, 177, 96 N. W. 2d 612.

What is the effect of the town's failure to comply with the provisions of sec. 60.74 (2), Stats.? In *Herman v. Oconto*,[4] we held the failure to publish a pending city ordinance pursuant to an 1893 statute was a jurisdictional defect rendering the ordinance void:

". . . It is contended that the common council complied with all of such requirements, except the last clause, printed in italics, and that that clause is directory and not mandatory. But the whole section is mandatory, and the common council had no more power to dispense with the last clause than any other portion of the section. Such notice was required so that the public might appear and make their objections to the change."[5]

McQuillin's *Law of Municipal Corporations* is to the same effect:

"Provisions respecting publication and sufficient notice of ordinances and resolutions are mandatory, and failure to publish or give notice, or to do so substantially in the manner prescribed, renders them void even where, it has been declared, newspapers reported the pendency of the measure as an ordinary news story."[6]

We conclude that the failure to comply with the notice-of-hearing provisions of sec. 60.74 (2), Stats., invalidates the enactment of the July 6, 1970, ordinance. The public has the right to appear and voice objections to pending legislation. This is certainly a right that should be honored in connection with zoning changes, as here.[7]

---

[4] (1898), 100 Wis. 391, 76 N. W. 364.

[5] *Id.* at page 398. *See also: State ex rel. Ryan v. Pietrzykowski, supra,* footnote 1, at page 463.

[6] 5 McQuillin, *Municipal Corporation* (3d ed. rev. 1969), pp. 267–269, sec. 16.78.

[7] 1 Rathkopf, *Zoning and Planning* (3d ed.), ch. 8, pp. 8–12–8–23 (1972).

*Estoppel of town board.*

Appellants argue that they are entitled to the prior-nonconforming-use doctrine enunciated in several Wisconsin cases.[8] This nonconforming use comes about because of the invalidity of the July 6, 1970, zoning ordinance and the contention that appellants expended over $60,000 in purchasing and improving the property in question after the permit was initially granted under the 1958 ordinance. The only evidence in the record of such a sum is found in an unidentified and unsigned offer to purchase. The trial court correctly concluded that appellants had made an outlay of only "some $3,000 or $4,000." Thus, this situation is far different from that which existed in *State ex rel. Schroedel v. Pagels,*[9] cited by appellants. In *Schroedel,* petitioner had expended roughly $185,000 in reliance upon an existing ordinance. Thereafter, and with full knowledge of these expenditures, the municipality adopted a more stringent ordinance. On appeal the supreme court affirmed the trial court's conclusion that the petitioner had acquired vested rights and interests by virtue of the expenditures on reliance of the previous ordinance. There is no substance to the appellants' claim here that they acquired a vested right which barred the town from further action in adopting a more stringent zoning ordinance with reference to mobile home parks.

*Constitutionality of mobile home park
zoning legislation.*

As to appellants' contention that zoning requirements for mobile homes which are different from those for single and multiple family homes violate the equal pro-

[8] *See e.g., Yorkville v. Fonk* (1958), 3 Wis. 2d 371, 88 N. W. 2d 319, certiorari denied, 358 U. S. 58, 79 Sup. Ct. 110, 3 L. Ed. 2d 48.

[9] (1950), 257 Wis. 376, 43 N. W. 2d 349.

tection clause of the state and federal constitutions, this court has nothing to add to its 1958 decision in *Yorkville v. Fonk,* sustaining such legislation. As stated in that case:

"Trailer camps in recent years have become so common that it is not beyond the bounds of reason that the legislature may believe that such camps, with their collection of small mobile homes, present definite problems of health, safety, morality, and general welfare in the area which is affected by the presence of such camps. . . .

". . .

"The ordinance reasonably tends to stabilize the problems created by the transient nature of mobile-home life to a point where school districts may cope with them.

"We concur in the trial court's decision that neither the statute nor the ordinance in question here is unconstitutional." [10]

It is entirely constitutional for reasonable zoning regulations to be developed imposing zoning requirements for these trailer camps (mobile home parks).

Appellants also argue that sec. 66.058 (5), Stats., is unconstitutional in the event that the trial court's interpretation thereof is accepted. This section provides as follows:

"(5) PLANS AND SPECIFICATIONS TO BE FILED. Accompanying, and to be filed with an original application for a mobile home park, shall be plans and specifications which shall be in compliance with all applicable city, town or village ordinances and provisions of the department of health and social services. The clerk after approval of the application by the governing body and upon completion of the work according to the plans shall issue the license. A mobile housing development harboring only nondependent mobile homes as defined in sub. (1) (g) shall not be required to provide a service building."

[10] *Yorkville v. Fonk, supra,* footnote 8, at pages 375 and 377.

The trial court ruled that a property owner gains no status under this section until he files a park plan with the municipality which conforms to state and local regulations. Appellants argue that under this interpretation they would be forced to expend large sums of money without any assurance of eventually being granted a park permit. This, they contend, is an unconstitutional interpretation of the applicable statute. The trial court was entirely correct in its interpretation of sec. 66.058 (5), Stats. The statute clearly mandates the clerk of a municipality to issue a mobile home park license after completion of the park's construction according to the previously approved plans. It is true that some money must be expended by a property owner in the preparation of his mobile home park plans. This situation is no different than, for example, the expending of money for the preparation of a plat which, under ch. 236, must be approved by the local municipality. It cannot be argued that a reasonable refusal to approve such a plat results in the unconstitutional deprivation of the moneys expended in its preparation. Similarly in the instant case, a reasonable refusal to approve a mobile park home plan is not an unconstitutional deprivation of the money expended in seeking the park plan's approval. We conclude that the trial court's interpretation of sec. 66.058 (5) is entirely correct and reasonable and that such interpretation does not result in an unconstitutional deprivation of property should the plan be reasonably refused.

## Damages.

The appellants have failed to file a statement of their claim and demand for payment with the town clerk pursuant to sec. 60.36, Stats. Moreover, their pleading,

as provided by sec. 895.43, does not show compliance with the notice of injury or damage requirement of that section, and, therefore, their cause of action for money damages, for these reasons, was properly dismissed.

*By the Court.*—Judgment affirmed as to dismissal of cause of action for money damages; reversed as to dismissal of cause of action for injunction; cause remanded for further proceedings not inconsistent with this opinion.

The following memorandum was filed on March 27, 1973.

PER CURIAM *(on motion for rehearing).* The ordinance of July 6, 1970, was a zoning ordinance and because, as respondent points out on rehearing, Dodge county had already adopted a county-wide zoning ordinance under sec. 59.97, Stats., adoption of this zoning ordinance was invalid for the additional reason that the town of Theresa was not authorized under sec. 60.74 (1) (a) to adopt such ordinance.

The mandate in this cause is amended to read:

*By the Court.*—Judgment affirmed as to dismissal of cause of action for money damages; reversed as to dismissal of cause of action for injunction.