State ex rel. Albert Realty Company, Inc., and others, Respondents, v. Village Board of Village of Brown Deer, Appellant.*

*March 5—April 7, 1959.*

* Motion for rehearing denied, with $25 costs, on June 8, 1959.

For the appellant there was a brief by *Harold H. Fuhrman,* village attorney, attorney, and *Wickert & Fuhrman* of Milwaukee of counsel, and oral argument by *Harold H. Fuhrman.*

For the respondents there were briefs by *Charles L. Goldberg,* attorney, and *Maxwell H. Herriott* and *Laurence E. Gooding, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott* and *Mr. Goldberg.*

MARTIN, C. J.  Petitioners are the owners of approximately 140 acres of land located in Milwaukee county.

In February, 1956, the city of Milwaukee common council adopted an ordinance purporting to annex to the city territory which included petitioners' property. The validity of the annexation ordinance is presently contested in the courts by the village of Brown Deer. In March, 1956, the Milwaukee common council adopted another ordinance for consolidation with the city of the town of Granville, in which town petitioners' property is located if the annexation is not effective. The consolidation was consummated by referenda on April 3, 1956, and is valid except as to territory affected by the annexation proceedings.

In April, 1956, the Village Board of Brown Deer adopted an ordinance purporting to annex to the village territory which includes petitioners' property. The validity of this village ordinance is presently contested in the courts by the city of Milwaukee.

Subsequent to April 3, 1956, petitioners presented a plat of their property, known as Menomonee River Hills North, to the appropriate officials of the city of Milwaukee and the same was approved and duly recorded on April 9, 1957, in the office of the register of deeds.

Thereafter the village of Brown Deer commenced an action in the circuit court for Milwaukee county for judgment declaring the plat invalid on the ground that the property

was located in the village of Brown Deer and approval of the plat had not been obtained from the Village Board.

On May 24, 1957, the plat was submitted to the Village Board and on June 27, 1957, petitioners were advised that it had been rejected because (1) the lot sizes were less than the minimum required by ch. 85 of the general ordinances of Milwaukee county, and (2) some of the streets were of a width less than 60 feet, contrary to village ordinance No. 28.

A second preliminary plat, amended to meet the objections to the first plat, was submitted to the Village Board in July, 1957. On August 27th petitioners were notified that the second plat had been rejected because (1) some of the lots were of a size less than the minimum required by the Milwaukee county zoning ordinance (ch. 85); (2) lot 3, block 51, and lot 6, block 52, were of a shape unsuitable for building sites; (3) the plat violated village ordinance No. 28 requiring side lotlines to be perpendicular to straight streetlines or radial to curved streetlines; and (4) there appeared to be a need for drainage easement or for storm sewer between lots, which was not provided for in the plat.

On September 5, 1957, a third preliminary plat, corrected to satisfy the objections to the previous plat, was submitted to the Village Board, and on November 6, 1957, petitioners were advised that on October 14, 1957, the Village Board had rejected the plat for the reasons (1) that the lot sizes were less than the minimum required by ordinance No. 69 of the village of Brown Deer (which amended ordinance No. 28), and (2) that lot 1, block 46, was of a size less than the minimum required by the Milwaukee county zoning ordinance.

Thereafter petitioners petitioned the Village Board of Brown Deer to review its latest rejection because, as to the first objection, ordinance No. 69 is in essence a zoning ordinance in conflict with the applicable Milwaukee county ordinance, and, as to the second objection, lot 1, block 46,

although inadvertently shown in the plat to be 80 feet wide, is in fact 83 feet wide and thus greater in area than the minimum required by the Milwaukee county zoning ordinance. The Village Board took no action with respect to the petition for review, and thereafter these proceedings were commenced.

Sec. 59.97 (4a), Stats., provides:

"Whenever any area which has been subject to a county zoning ordinance petitions to become part of a village or city, the regulations imposed by such county zoning ordinance shall continue in effect, without change, and shall be enforced by such village or city until such regulations have been changed by official action of the governing body of such village or city, except that in the event an ordinance of annexation is contested in the courts, the county zoning shall prevail and the county shall have jurisdiction over the zoning in the area affected until ultimate determination of the court action."

The annexation proceedings affecting the petitioners' property being presently in litigation, the zoning ordinance which prevails in the contested area is ch. 85 of the general ordinances of Milwaukee county, requiring lots to be a minimum of 10,000 square feet in area.

Village ordinance No. 69 was adopted by the Village Board of Brown Deer July 15, 1957. In that ordinance the village required lots to contain a minimum of 15,000 square feet of land area.

The trial court held ordinance No. 69 to be in effect a zoning ordinance and inoperative with respect to petitioners' property in so far as it conflicts with the county zoning ordinance.

Appellant contends that ordinance No. 69 is a platting ordinance adopted pursuant to authority granted under sec. 236.45 (2), Stats. Sub. (1) of that section declares its purposes to be to promote the public health, safety, and general welfare of the community, to further the orderly lay-

out and use of land, to prevent overcrowding of land, avoid
undue concentration of population, to facilitate provision for
transportation, water, sewerage, schools, parks, playgrounds,
etc., considering, among other things, the most appropriate
use of the land throughout the municipality. In sub. (2) (a)
the section provides that to accomplish these purposes—

". . . any municipality, town, or county which has estab-
lished a planning agency may adopt ordinances governing the
subdivision or other division of land which are more restric-
tive than the provisions of this chapter."

It is argued by appellant that it has such authority even
over areas involved in annexations which are being contested,
citing sec. 236.10 (1) (a), Stats., which provides that when
the area platted is in such litigation the governing bodies of
both the annexing municipality and the town from which
the area has been annexed shall approve a plat before it is
entitled to be recorded. Sec. 236.13 (1) (b) provides that
approval of a plat shall be conditioned upon compliance with,
among other things, "any municipal, town, or county ordi-
nance."

Appellant's argument has some merit and we have seri-
ously considered it, but it is clear from a reading of these
statutes, together with sec. 59.97 (4a), that the legislature,
while requiring the municipality's approval of a plat even
where annexation of the area is in litigation, has made such
approval contingent upon compliance with any *applicable*
municipal ordinance. In our opinion, compliance with ordi-
nance No. 69 cannot be required in this instance because it
is in effect a zoning ordinance and sec. 59.97 (4a) provides
that while annexation is being contested "the county zoning
shall prevail."

As pointed out by the trial court, there is no sharp dis-
tinction between zoning and platting. As stated in 8 Mc-
Quillin, Mun. Corp. (2d ed.), p. 12, sec. 25.01:

"Zoning obviously is a phase of city planning, . . . However, zoning is exclusively concerned with use regulation whereas planning is broader and connotes a systematic development of a municipality contrived to promote the common interest not only with respect to uses of lands and buildings but with respect to streets and parks, residential developments, industrial and commercial enterprises, civic beauty, public convenience, and all matters embraced within the police power."

As to the relationship between zoning and planning, it is stated in the same text in sec. 25.08, pages 31, 33:

". . . while planning and zoning sometimes are considered so closely akin as to constitute a single conception, they do not cover identical fields of municipal endeavor. Common objectives contemplated both by zoning acts and planning acts include dividing a municipality into districts and adoption of a comprehensive plan with regard to roads, streets, transportation facilities, schools, parks, etc., usually on recommendations by an appropriate commission to the legislative body. Although municipal planning embraces zoning, the converse of the proposition does not hold true. They are not interchangeable terms. Zoning may not entirely exclude planning, but it obviously does not embrace planning in its entirety. Planning is the broader of the two terms. . . .

"Zoning definitely is use planning and regulation according to districts or zones. It differs from city planning in that it looks to the control of future developments of the use of land and buildings only to the extent that it can be accomplished through regulation of existing conditions. It does not contemplate major engineering to alter present situations, such as is necessary in slum clearance. It seeks the most appropriate use of land, the preservation of the character of areas, the protection of existing property values and business, the stability of plans and conditions, the safeguarding of future developments and use."

Cf., sec. 236.45 (1), Stats.

Ordinance No. 69 is denominated an amendment to the village "Subdivision Platting Ordinance" and, although it

does affect platting to some extent, it also affects, and is in fact, zoning. That being true, under sec. 59.97 (4a), Stats., which declares that the county zoning shall prevail, ordinance No. 69 cannot be permitted to change the county zoning ordinance. Any other application of sec. 59.97 (4a) would lead to confusion.

Appellant's argument that each submission of the plat constituted a new and separate proceeding has no merit. A "preliminary" plat means just that. Sec. 236.11, Stats., in requiring that the rejection of a plat shall be accompanied by a written statement of the reasons for rejection, clearly contemplates that the subdivider shall be given the opportunity to cure the objections in order to make the plat acceptable to the approving authority. All the objections stated for rejection of the first and second plats were curable. Obviously, under those circumstances resort to certiorari would be ineffectual since the court would direct the petitioners to go back and cure the objections. The process begun when petitioners submitted their first plat would not be complete until all objections were cured and a final plat approved, or the petitioners abandoned the project.

After the second preliminary plat was rejected and before submission of the third, the Village Board amended its platting ordinance to increase the minimum lot size from 10,000 to 15,000 square feet, and noncompliance with this requirement was the reason for rejection of the third plat.

From the time that the approval of the Village Board was first sought until the rejection of the third plat, petitioners expended a substantial amount of money in the development, surveys, etc., of their property in accordance with the provisions of the Milwaukee county zoning ordinance.

In *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 225 N. W. 838, where an ordinance repealing a zoning restriction was secured by false representations of the plaintiffs, the village permitted the ordinance to stand for a period

of months, during which time the plaintiffs incurred considerable expense in reliance upon such ordinance. The court held that the expenditure was sufficient to sustain the plaintiffs' position.

*By the Court.*—Order affirmed.

Currie, J. (*dissenting*). The 140 acres of land owned by petitioners is located within the area described as the "Johnson annexation" to the village of Brown Deer in *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 54, 79 N. W. (2d) 340. As pointed out at pages 58 and 59 of the opinion in that case, the posting for such annexation took place October 5, 1955, and gave it priority over the consolidation proceedings, although the ordinance of annexation was not adopted until April 16, 1956. The validity of the city of Milwaukee's prior annexation ordinance of February 21, 1956, is seriously challenged by the sixth cause of action of Brown Deer's amended complaint which was before this court in *Brown Deer v. Milwaukee, supra.* These additional facts are mentioned in order to point out that it is not improbable that petitioners' 140-acre tract may finally be determined to be within the boundaries of the village of Brown Deer. Therefore, Brown Deer has a substantial interest in seeking to uphold the validity of its platting ordinance, ordinance No. 69.

As of the trial of the instant proceeding, and the hearing of this appeal, it is uncertain whether the 140-acre tract in question lies within the boundaries of the village of Brown Deer or the city of Milwaukee. Litigation is pending to settle such issues. As pointed out in the majority opinion, the legislature has provided entirely different treatment for handling plat subdividing than that provided for zoning in such a disputed area. In case of plat subdividing, the plat must be approved by both of such municipalities. Secs. 236.10 (1) (a) and 236.13 (4), Stats. On the other hand,

the zoning power of the two municipalities is temporarily suspended over the disputed area during the litigation and the county zoning ordinance controls. Sec. 59.97 (4a), Stats.

The legislature has clearly recognized that platting and zoning are two different powers, as the former is covered by ch. 236, Stats., and the latter by portions of secs. 59.97, 60.74, and 62.23 (7), Stats., among others. Subdivision-platting control is most of all concerned with the size of the lots or parcels into which the land is to be divided. No plat of a subdivision can be approved under sec. 236.20 (2) (a), which does not show the exterior boundaries of each lot or parcel of the proposed subdivision. On the other hand, zoning ordinances are mostly concerned with land use. While many zoning ordinances do contain minimum lot-size requirements, such a provision is not an essential component of a zoning ordinance. Many other zoning ordinances do not have minimum lot-size requirements but only provide restrictions in the nature of building setbacks and side-yard requirements.

Merely because the Milwaukee county zoning ordinance does contain a minimum lot-size requirement of 10,000 square feet should not be held to preclude Brown Deer from exercising the power conferred on it by secs. 236.45 (2) (a), Stats., to adopt a proper platting ordinance. Ordinance No. 69 is such a proper ordinance. Robert D. Sundby, counsel for the League of Wisconsin Municipalities, in an article entitled, "The Elimination and Prevention of Urban Blight" in 1959 Wisconsin Law Review, 73, 92, 93, advocates municipalities adopting such platting ordinances in order to prevent land being chopped up into undesirable small parcels through the process of division and redivision.

Not only do I deem the result of the majority opinion as to statutory construction to be contrary to the legislative intent in enacting sec. 236.10 (1) (a), Stats., but it is op-

posed to sound public policy. Such public policy is always a proper consideration in statutory interpretation in resolving an ambiguity as to which of two statutes controls. The village of Brown Deer has determined in the proper exercise of its police power that a minimum lot size of 15,000 square feet is desirable to preserve the character of the community as an attractive suburban area. The effect of the majority opinion is to stay such power during the period of protracted litigation over large areas recently annexed to Brown Deer. During such period real-estate operators, motivated solely by the desire of making profits, will be subject to no restraint as to the size of the lots into which such large areas of the village can be divided, except the county zoning-ordinance requirement. The result is that the present desirable suburban character of a large part of Brown Deer may be forever destroyed before such annexation litigation terminates.

I would hold ordinance No. 69 valid and reverse the judgment.