PAUL M. NEWCOMB, Corporation Counsel, Sauk County
You have requested my opinion whether a town can have a more restrictive ordinance regulating the use and location of mobile homes or trailers outside mobile home parks than a county.
I am of the opinion that it probably cannot.
You state that the Sauk County zoning ordinance presently allows mobile homes and trailers only in camps or parks. You state that it is proposed to amend the county zoning ordinance to permit mobile homes of over 570 square feet at any location. Some towns do not want mobile homes that small and some do not want them outside of camps.
At the outset it can be stated that there might be some difficulty in securing passage of such an amendment to the county ordinance so as to be applicable in all towns even though it is not a comprehensive revision under sec. 59.97 (5) (d), Stats. Under sec. 59.97 (5) (e) 6, Stats., a majority of the towns may block such an amendatory ordinance.
Where a "trailer camp," alone, is concerned, sec. 66.058 (2) (c), Stats., specifically provides that:
"(c) In any town in which the town board adopts an ordinance regulatingtrailers under the provisions of this section and has also adopted and approved a county zoning ordinance under the provisions of s. 59.97, the provisions of the ordinance which is most restrictive shall apply with respect to the establishment and operation of any trailer camp in said town." (Emphasis added.) *Page 132 
There is no similar provision with respect to single mobile homes. However, sec. 66.058 (3) (e), Stats., recognizes that individual mobile homes as well as parks may be regulated by local ordinance.
"(e) If a mobile home is permitted by local ordinance to be located outside of a licensed park, the monthly parking permit fee shall be paid by the owner of the mobile home, the occupant thereof or the owner of the land on which it stands, the same as and in the manner provided for mobile homes located in mobile home parks, and the owner of such land shall be required to comply with the reporting requirements of par. (c). Nothing contained in this subsection shall prohibit the regulation thereof by local ordinance."
Section 66.058 (3) (e), Stats., does not in itself grant specific authority to a town to regulate mobile homes. It is concerned with collection of a monthly parking fee in municipalities.
In Des Jardin v. Town of Greenfield (1952), 262 Wis. 43, 53 N.W.2d 784, the court was concerned with a town ordinance regulating single trailers but did not determine the question of the power of the town in the area. It held that the ordinance could not be given retrospect effect.
The county's power to regulate mobile homes and trailer parks comes primarily from its zoning power under sec. 59.97, Stats. Section 66.058 (2) (c), Stats., recognizes that the zoning power may extend to trailer camps. Section 59.97 (4) (d), Stats., does provide:
"(d) Trailer camps, or tourist camps and motels or both and mobile home parks."
Individual mobile homes are not referred to in sec. 59.97 (4), Stats. However there is no reason why they necessarily must be in order to give the county general zoning and building control powers.
The county's power in zoning, however, exists only outside the limits of incorporated villages and cities.
While cities and villages and towns exercising village powers probably had power with respect to the regulation of *Page 133 
mobile homes before the enactment of sec. 66.058, Stats., that section, enacted in 1953, granted specific authority for cities, villages and towns to regulate trailer camps and mobile home parks.
Section 66.058, Stats., is primarily concerned with mobile home parks and the regulating and licensing thereof. Section 66.058 (2) (b), Stats., provides:
"(b) In order to protect and promote the public health, morals and welfare and to equitably defray the cost of municipal and educational services required by persons and families using or occupying trailers, mobile homes, trailer camps or mobile home parks for living, dwelling or sleeping purposes, each city council, village board and town board may establish and enforce by ordinance reasonable standards and regulations for every trailer and trailer camp and every mobile home and mobile home park; require an annual license fee to operate the same and levy and collect special assessments to defray the cost of municipal and educational services furnished to such trailer and trailer camp, or mobile home and mobile home park. They may limit the number of units, trailers or mobile homes that may be parked or kept in any one camp or park, and limit the number of licenses for trailer camps or parks in any common school district, if the mobile housing development would cause the school costs to increase above the state average or if an exceedingly difficult or impossible situation exists with regard to providing adequate and proper sewage disposal in the particular area. The power conferred on cities, villages and towns by this section is an addition to all other grants and shall be deemed limited only by the express language of this section."
The use of the words "trailer and trailer camps and every mobile home and mobile home park" are used to give authority of the municipality over the units occupying parks as well as the parks themselves and not authority to regulate individual trailers outside of parks.
Cities, villages and counties probably have power to regulate the use and location of trailers outside of parks under *Page 134 
general health and welfare powers or zoning powers in the case of counties. Hence the reference in sec. 66.058 (3) (e), Stats.
Towns would also have such power under sec. 60.74, Stats.; however, the zoning power of a town exists only where the county has not adopted a county zoning ordinance under sec. 59.97, Stats. General zoning ordinances of towns exercising village powers are subject to the approval of the county board where the county has a zoning ordinance.
If it is correct to conclude that sec. 66.058, Stats., does not grant towns specific authority to regulate the type or location of individual trailers outside of trailer parks, then it follows that they do not have that power by reason of sec. 60.74, Stats., in Sauk County, since that county has a county zoning ordinance. I have been unable to find any other statute relating to towns which would grant such power. Towns have only such powers as are granted by statute or necessarily implied.
RWW:RJV