RACINE COUNTY, Respondent, v. ALBY, d/b/a Alby Materials, Inc., and another, Appellants.*

*No. 229. Argued October 29, 1974.—Decided November 26, 1974.*
(Also reported in 223 N. W. 2d 438.)

* Motion for rehearing denied, with costs, on February 4, 1975.

For the appellants there was a brief by *Lepp & Lepp* of Kenosha, and oral argument by *Burton Lepp.*

For the respondent there was a brief by *James T. McMahon,* assistant corporation counsel, and oral argument by *Dennis J. Flynn,* corporation counsel.

WILKIE, C. J. This is a zoning case. The lower court's judgment permanently enjoins defendants-appellants from operating a gravel quarry in violation of a zoning ordinance and requires that the quarry area be restored to its pre-existing condition.

The sole issue, which is dispositive of this appeal, is whether the town board of the town of Waterford, Racine county, validly enacted the zoning ordinance which does not permit the quarry use asserted by defendant-appellant Ronald Alby when it adopted a zoning map but failed to also approve the text of the county zoning ordinance.

Our analysis leads to but one conclusion: The ordinance is invalid and on this reason alone the trial court's injunction judgment must be reversed.

The facts are largely undisputed. In June, 1966, defendant-appellant Alby received from the town of Waterford in Racine county a permit for the open pit mining of sand and gravel. The permit covered a quarter section of land that Alby subsequently bought in that same year, as well as some property leased by Alby immediately north of the quarter section, called the Mamerow property. Quarry No. 1 was opened in 1966 in the north central portion of the quarter section. In 1970, after obtaining another permit from the town, Alby opened a ready mix concrete plant at the site of the quarry. Except for a sandpit and an overburden (topsoil) pile in the northeast portion of the quarter section, and a few exploratory soil borings throughout, prior to June, 1971, Alby's quarry operations were entirely confined to quarry No. 1. The remainder of the quarter section was leased to and farmed by Harold Snyder. The lease was for three years, including the entire years of 1970, 1971, and 1972.

On approximately June 15, 1971, Alby tore down three-foot high corn and began quarry No. 2 in the extreme southeast corner of the quarter section. Quarry No. 2 is located approximately 965 feet from quarry No. 1, and the two quarries are not physically connected in any way. Three days later, on June 18th, plaintiff Racine county commenced an action under sec. 59.97 (11), Stats., seeking to enjoin the operation of quarry No. 2 on the grounds it was in violation of the county zoning ordinance, allegedly adopted by the town of Waterford on March 8, 1971. Under the ordinance, only the present site of quarry No. 1, plus approximately 40 acres adjacent to quarry No. 1 on the north on the Mamerow property, is zoned M–4 Quarrying District. The re-

mainder of the quarter section owned by defendant, including the site of quarry No. 2, is zoned A-1 General Farming District. After a trial to the court, judgment was rendered in plaintiff's favor enjoining Alby from further excavation at quarry No. 2 and ordering Alby to restore the site to "a like or similar condition as existed prior to the commencing of the quarrying operations." From this judgment defendants appeal.

On December 2, 1969, Racine county repealed its prior zoning ordinance, and enacted a comprehensive new zoning ordinance. Fourteen months later, on February 8, 1971, the town of Waterford adopted and submitted to the county board, a proposed zoning map for the town.[1] The zoning map contains zoning district boundaries, with different use districts labeled with a letter-number code. On February 23, 1971, the proposed map was adopted by the county board as an amendment to the official Racine

[1] The resolution of the town board adopting the map and submitting it to the county board reads as follows:

"WHEREAS the Town Board by itself and through the Town Plan Commission has been directly involved in a cooperative conference in Racine County to establish a County Zoning Ordinance, and

"WHEREAS numerous public hearings have been held concerning said zoning ordinance and the preparation of the land use map attendant to said ordinance, and

"WHEREAS, it appears that the majority of people in attendance at said public hearing are in favor of said ordinance, and

"WHEREAS approval of said map is necessary for the Town of Waterford to be protected under County Zoning Ordinance, at least until such time as the Town of Waterford drafts its own approved zoning ordinance,

"NOW THEREFORE,

"BE IT RESOLVED by the Town Board of the Town of Waterford, Racine County, Wisconsin.

"That the proposed land use map, as exhibited and discussed at the public hearing within the Town be submitted by the Town Board of the Town of Waterford to the County Board of the County of Racine for its approval."

county zoning map.[2] The map thus became part of the Racine County Zoning Ordinance, because under sec.

[2] The town board submitted the following letter to the county board:

"To the Honorable Members of the Racine County Board:

"Re: Town of Waterford Zoning Map.

"The Town of Waterford presents this map for your approval, as the official zoning map for the Town of Waterford; it has the unanimous approval of the Town Planning Commission and the Town Board.

"I would also like to express our appreciation to the Planning and Zoning Committee, Mr. Arnold Clement and Mr. Michael Spector for their assistance and consideration given at our Public hearings.

"Respectfully,

"James H. Clark, Chairman of the Board, Town of Waterford."

The Racine County Ordinance approving the map reads as follows:

"WHEREAS, Public Hearings were held on December 16, 1970 and January 27, 1971, in the Town of Waterford, at which meetings the Town Board of the Town of Waterford presented to the public, the 'Town of Waterford Zoning Map;' and

"WHEREAS, the Planning Committee of the County Board recommended the adoption of such zoning map after making final alterations of it in view of comments made at said Public Hearings; and,

"WHEREAS, such Zoning Map will become a part of the Comprehensive Revision of the Racine County Zoning Ordinance No. 69.137, adopted by the Racine County Board of Supervisors on 12–2–69.

"NOW, THEREFORE, the County Board of Supervisors of the County of Racine, DO ORDAIN to adopt as the County Zoning Map for the Town of Waterford, the map entitled 'Town of Waterford Zoning Map, dated January 27, 1971,' which map is now located in the Racine County Planning and Zoning Office.

"BE IT FURTHER ORDAINED, that the official Racine County Zoning Map is hereby amended to conform with this ordinance.

"BE IT FURTHER ORDAINED, that the Racine County Clerk is directed to transmit duplicate copies of this Ordinance by registered mail to the Town Clerks of all Towns within seven days after the adoption of this ordinance."

7.032 of the ordinance the zoning map is a part of the ordinance. Sec. 7.032 provides, in part:

"A certified copy of the Zoning Map shall be adopted either with the text or before it becomes effective . . . and be a part of this Ordinance."

Finally, on March 8, 1971, the town board officially adopted the map as it had been adopted by the county. The minutes of the town board meeting of March 8, 1971, show the following:

". . . Seidler moved that the zoning map be adopted by the Town Board as adopted by the County Board. Seconded by Clark. 2 ayes 1 nay. A roll call vote was requested. Seidler aye, Clark aye, Bucholtz nay."

Under sec. 59.97 (5) (c), Stats., a county zoning ordinance becomes effective in a town upon approval by the town board and the filing of the approving resolution with the county clerk:

"(c) A county ordinance adopted as provided by this section shall not be effective in any town until it has been approved by the town board. If the town board approves an ordinance adopted by the county board, as provided by this section, a certified copy of the approving resolution attached to one of the copies of such ordinance submitted to the town board shall promptly be filed with the county clerk by the town clerk. Such ordinance shall become effective in such town as of the date of such filing, which filing shall be recorded by the county clerk in his office, reported to the town board and the county board, and printed in the proceedings of the county board. Such ordinance shall supersede any prior town ordinance in conflict therewith or which is concerned with zoning, except as provided by s. 60.74 (7)."

Here, the town board adopted the zoning map but did not adopt the text of the ordinance. This is fatal. True, the resolution of the town board adopted on February 8, 1971, did contain a preamble stating that the town board

through its plan commission, had worked with the county to establish the county zoning ordinance, and further stating that numerous public hearings had been held concerning the zoning ordinance and map, that a majority of the people attending the hearings were in favor of the ordinance, and that in order for the town to be protected by the county zoning ordinance, the zoning map had to be approved.

Although preambles to ordinances may be consulted to determine the enacting authority's intent,[3] the preamble referred to was contained in the February 8, 1971, resolution of the town board, not the March 8, 1971, ordinance, wherein the town board actually adopted the zoning map. Nothing in that ordinance itself provides any clue as to the intent of the town board to do anything but adopt the zoning map.

While ordinances may incorporate statutes and other ordinances by reference,[4] here, the adopting ordinance did not expressly refer to the county zoning ordinance. Nor does the face of the zoning map refer to the text of the county zoning ordinance. The map has zoning boundaries clearly drawn on it as well as letter-number codes. However, the map contains no date, other than the date the

[3] *Smith v. Brookfield* (1956), 272 Wis. 1, 5–7, 74 N. W. 2d 770.

[4] In *Milwaukee v. Krupnik* (1930), 201 Wis. 1, 2, 229 N. W. 43, the court said:

" 'An ordinance may by reference adopt the provisions of statutes or prior ordinances, and in such case the statute need not be set out *in totidem verbis*, and entered upon the minutes of the corporation. An ordinance establishing grades of streets may properly refer to maps and books on file in a public office, as a part thereof.' "

In *State ex rel. Ryan v. Pietrzykowski* (1969), 42 Wis. 2d 457, 462, 463, 167 N. W. 2d 242, the court said that the incorporation by reference of one ordinance by a second ordinance was not effective where the first ordinance was not actually valid and in force. *See generally:* 5 McQuillin, *Municipal Corporations* (3d ed. rev. 1969), pp. 148–150, sec. 16.12.

map was originally prepared: August, 1967. The certificate of approval of the map contains no certification of the action taken or of the date of the town board's resolution. We conclude that adoption of the map by the town board on March 8, 1971, should not be viewed as an adoption by reference of the text of the zoning ordinance.

One final point indicating the invalidity of the applicable zoning ordinance comes from the fact that sec. 7.032 contemplates that adoption of the text and adoption of the map are two separate actions, although they may be accomplished at the same time. The section provides:

"A certified copy of the Zoning Map shall be adopted either with the text or before it becomes effective . . . and be a part of this Ordinance."

Here, the town took its action with respect to the map, but there is nothing to indicate it was taking any action with respect to the text of the county ordinance. Since the zoning ordinance was not validly adopted with respect to the town of Waterford, we must reverse, leaving the town no alternative but to try again to adopt, if it so chooses, a valid zoning ordinance.

This raises one further issue. Is the town deprived of its ability to apply the Racine County Zoning Ordinance to the town by its failure to act within one year of the adoption of the comprehensive zoning revision by Racine county? No. Neither sec. 59.97, Stats., nor sec. 7.017 of the Racine County Zoning Ordinance, nor any other pertinent provisions of the statutes or of the ordinances, provide that the town is incapable of approving a proper zoning ordinance where it has failed to act within one year after the adoption of the comprehensive zoning revision by the county (here December 1, 1969). If defendant's contention were correct, a town board failing to approve a county zoning ordinance within one year would be forever disabled from establishing zoning in the town unless the county sometime in the future again repealed

and re-enacted the ordinance.[5] Such a result would be absurd.

Since we conclude that the pertinent zoning ordinance is not valid, we do not reach the other important questions raised on this appeal.

*By the Court.*—Judgment reversed.

---

[5] Towns do have independent zoning authority under sec. 60.74, Stats., but this authority exists only when the county has not adopted a countywide zoning ordinance. *Edelbeck v. Town of Theresa* (1973), 57 Wis. 2d 172, 182a, 203 N. W. 2d 694 (on motion for rehearing).