ROBERT W. WING, District Attorney Pierce County
You advise that Pierce County has adopted a county-wide zoning ordinance, under sec. 59.97. Stats., which allows mobile homes to be located on one-acre tracts of land in agricultural and residential districts. Recently, however, a town in which the county zoning ordinance is effective adopted a town ordinance which purports to regulate the size and location of mobile homes and temporary dwellings within the town. This ordinance, which has been submitted for approval of the Pierce County Board of Supervisors, defines a "Free Standing Unit" as "a Mobile Home on a tract of land" and provides that "A free standing Mobile Home . . . cannot be located on any tract less than twenty (20) acres." *Page 289 
Based on the foregoing, you request my opinion on three questions concerning the relationship of town and county ordinances regulating mobile homes. Your questions are treated in the order in which you present them.
 1. Is the provision of the town ordinance prohibiting mobile homes on any tract of land less than 20 acres a town zoning ordinance subject to the provisions of sec. 60.74 (7) in as much as the county has already adopted a county zoning ordinance?
The answer to this question is yes.
Towns are given specific authority to license and regulate mobile home parks under sec. 66.058, Stats., and sec. 66.058 (2) (b), Stats., provides that such power is "in addition to all other grants and shall be deemed limited only by the express language of this section." However, sec. 66.058, Stats., does not grant towns general authority to regulate the use and location of individual mobile homes outside mobile home parks, 60 OAG 131, 133 (1971), and even town ordinances clearly regulating mobile home parks may be required to comply with the procedural requirements applicable to town zoning ordinances enacted under the general town zoning authority, sec. 60.74, Stats, Edelbeck v.Town of Theresa (1973), 57 Wis.2d 172, 203 N.W.2d 694, particularly where the ordinance purports to zone through regulation of "the density and distribution of population" or the location of such mobile homes, as is the case here. See sec.60.74 (1) (a) 1., Stats.; David A. Ulrich, Inc. v. Town ofSaukville (1959), 7 Wis.2d 173, 178, 96 N.W.2d 612. Therefore. it is apparent that the town ordinance involved here is subject to the provisions of sec. 60.74, Stats.
Towns do not have independent zoning authority under sec.60.74, Stats., when the county has adopted a county-wide zoning ordinance under sec. 59.97, Stats. Edelbeck, supra, p. 182a. Such towns may nevertheless enact separate town zoning ordinances under the specific circumstances set forth in sec. 60.74 (7) and (8), Stats. Subsection (8) applies to town boards which are participating in a regional planning program under sec. 60.29 (41), Stats. Your letter makes no mention of such a program and therefore my opinion assumes that none exists and subsec. (8) does not apply. Subsection (7) provides: *Page 290 
 "(7) Town boards granted village powers by resolution adopted pursuant to section 60.18 (12) shall have power to adopt town zoning ordinances in the manner provided in section 61.35 notwithstanding any provision of this section or section 60.75 provided, however, that in counties which have adopted a zoning ordinance under section 59.97 the exercise of the power to adopt a town zoning ordinance shall be subject to approval by a referendum vote of the electors of the town held at the time of any regular annual town meeting. Any zoning ordinance adopted by a town board and any amendment thereof under this subsection shall be subject to the approval of the county board in counties having a county zoning ordinance."
Based on the foregoing, it is apparent that the provisions of the town ordinance prohibiting mobile homes on any tract of land less than 20 acres is a zoning enactment subject to the provisions of sec. 60.74, Stats., and in light of the existence of a county-wide zoning ordinance under sec. 59.97, Stats., such town ordinance provision could only be enacted under sec. 60.74
(7) or (8), Stats.
 2. Must the town first hold a referendum before submitting the ordinance to the county board for its approval?
This question cannot be answered yes or no.
In order to act under the provisions of sec. 60.74 (7), Stats., the town must have been granted village powers under sec. 60.18 (12), Stats. Where the county has adopted a county-wide zoning ordinance under sec. 59.97, Stats., the exercise of zoning authority by such a town must first be approved by "a referendum vote of the electors of the town held at the time of any regular annual town meeting." The town zoning ordinance itself is not subject to such referendum approval, but the exercise of zoning authority must be authorized by the referendum. Subsequent to a favorable referendum on the question of exercise of zoning authority generally town zoning ordinances and amendments need only be submitted to the county board for approval.
 3. Before the county board can approve the zoning ordinance of a township under the provisions of sec. 60.74 (7), must the county board or the zoning committee hold a public hearing prior to county board approval or disapproval? *Page 291 
The answer to this question is no.
A regular zoning ordinance can only be validly adopted upon compliance with applicable statutory hearing requirements. Stateex rel. Ryan v. Pietrzykowski (1969), 42 Wis.2d 457, 463,167 N.W.2d 242. However, although notice and public hearing is typically required in the zoning process under most statutes, the courts are normally satisfied that minimal due process is afforded if some type of general hearing is provided before some governmental entity at some point in the zoning process; and it is also clear that such hearing need not be before the legislative body which will ultimately adopt, approve or reject the proposed zoning. See 8A McQuillin, Municipal Corporations
(rev. ed. 1965), sec. 25.251, pp. 184-185, 188; Krimendahl v.Common Council of City of Noblesville (1971), 256 Ind. 191,267 N.E.2d 547; Burke v. Board of Representatives of Stamford
(1961), 148 Conn. 33, 166 A.2d 849. Thus, in construing sec. 59.97, Stats. (1947), in Jefferson County v. Timmel (1952), 261 Wis. 39,54, 51 N.W.2d 518, the court recognized that a town need hold no public hearing before approving county-wide zoning ordinances, saying:
 "As we construe sec. 59.97, Stats. 1947, it is not required that a public hearing be held in each town as a condition precedent to the town boards voting approval of a zoning ordinance, or an amendment thereto. but only that the one county-wide hearing required by sec. 59.97 (2), Stats. 1947, be held . . . ." 51 N.W.2d at p. 526.
Section 60.74 (7), Stats., establishes the statutory procedure which the town must follow in adopting a zoning ordinance or amendment, by referring to sec. 61.35. Stats., which in turn incorporates the provisions of sec. 62.23 (7) (d), Stats. Taken together these statutes only require a public hearing by the appropriate town authorities prior to final adoption of a zoning ordinance or amendment by the town board and do not require a hearing before the county board.
Your inquiries and the facts you have provided deal with procedural considerations relating to the adoption of the town ordinance in question. While I have serious reservations this opinion does not consider the validity or the merits of the ordinance as an exercise of the police power. In this regard, however, I direct your attention generally to 95 A.L.R. 2d 716, *Page 292 
96 A.L.R. 2d 232 and 48 A.L.R. 3rd 1210. I do not have sufficient factual information to consider these issues but I invite your attention to them.
BCL:JCM